Judj~e Ew1N~
d~1ivered the. Opinion of the Court.
Mahoney, being the owner of a house and lot in Shelby*ville, conveyed the same to Frederick Young, in exchange for one hundred an,d seventy nine acres of land, in Jefferson, for which Young executed his bond to Mahoney for a conveyance. Young, in his lifetime, sold and conveyed away the house and lot in Shelbyville, and his wife relinquished her right of dower in the same.
After the death of Young, Mrs. Young filed her bill against Mahoney, for dower in the one hundred and seventy nine acre tract, .and for rents , since the death of her husband.
It seems that Mahoney, after his exchange, made some additions to the improvements upon_ the. place he got. from Young.,
Thq Circuit Court decreed, rents to her, from the filing of her bill. And al:so, decreed to her, the one equal third part of said land and improvements.
Three questions are made against this decree.
First. That the amount allowed for rents is too much.
Second. That the widow has waived her right to dower in the- tract exchanged to Mahoney, by releasing her dower in the lot received in exchange. And&emdash;
Third; That if the wife be entitled to dower, she is not entitled to a full third, including the improvements made by Mahoney.
First. We perceive-bo error in the amount decreed to the com.plaina.nt, for rents. Less than one third of the rents from the filing of the bill, according to the lowest computation made by the witnesses, seems to have been decreed her.
Second. We are also satisfied, tha-t she has not waived her dower, by relinquishing her do-wer to thelots given, in exchange- for the premises,, by Mahoney.
*589 We are aware that, a widow cannot be “endowed of lands given in exchange, and also of the lands taken in “ exchange; but she may have her election, to be endowed “ of which she will.” 1 Coke on Lilt, by Thomas, 665. But the fact of her relinquishing her dower, in the life of h er husband, in the house and lot, should surely not preclude her from her dower in the land. Such relinquishment cannot amount to an election to take her dower in the house and lot relinquished, but so far from it, rather indicates her election to take her dower in the tract not relinquished. Such a construction, would be, in effect, to deprive her of doWer in both tracts, which never was contemplated by the rule above referred to.
But, thirdly, there is evident error, in decreeing her, as dower, the one full third part in the whole tract, including the improvements made by Mahoney, after he obtained the possession. An estimate should have been made of the value of those improvements, and after deducting the amount from the total value of the whole premises, in their present improved state,-a decree should have been rendered in favor of the complainant for one third of the balance, so reduced. That is, the one third, in value only, of the tract and improvements that were upon it when Mahoney obtained possession, excluding from the estimate, the value of the additions and improvements, in their present state, put upon'the premises by him, should have been decreed to the complainant.
The Circuit Court has also erred, in dismissing, absolutely, the cross bill of Mahoney against the heirs of Young, for a title. The Court should have either decreed to him a conveyance, or if for the want of preparation that, could not have been done, his bill should only have been dismissed without prejudice. The decree, as rendered, might hereafter forever bar him from all remedy against the heirs1 for a title.
It is therefore decreed, by the Court, that the decree of the Circuit Court be reversed, and the cause remanded, that further proceedings may be had, not inconsistent. with this, opinion.