J. E. BURBANK, PLAINTIFF IN ERROR, v. THOMAS ELLIS, DEFENDANT IN ERROR.

1. **Towns on Public Lands:** DEED FOR LOTS HOW EXECUTED
   Where a town is located on the public lands, the mayor of the town, or if there is no mayor, the chairman of the board of

trustees if the town is incorporated, and if the town is not incor_ porated the county judge of the county in which the town is situ_ ated, is required to execute and deliver to each person who may be legally entitled to the same, a deed in fee simple for the lot or lots of such land as the party demanding the same may be legally entitled to.

2. ———: ———. The municipality does not acquire the legal title to the site. It is held by the mayor, chairman of the board of trustees, or judge of the county, in trust for the use of the occupants of the town and those entitled to deeds.

3. ———: ———. The failure of the mayor to recite in a deed the authority under which the conveyance is made, does not invalidate the conveyance.

4. **Deeds:** ACKNOWLEDGMENT. The function of an acknowledgment is twofold—to authorize the deed to be given in evidence without further proof of its execution, and to entitle it to be recorded. The acknowledgment is no part of the deed itself.

5. ———: ———. A certificate of acknowlegment is sufficient if it shows that the requirements of the statute have been complied with in substance.

6. ———: ———. A certificate which shows that: " On the 29th day of September, 1862, personally appeared before me, David Dorrington, mayor of Falls City," etc.: *Held*, a sufficient statement of the identity of the grantor.

7. **Lots in Towns on Public Lands.** The publication of the notice provided for in section four of the act approved Nov. 4, 1858, is not complete until thirty days *after* the first day of the publication thereof. Lots which remain unconveyed, and are *vacant* and *unoccupied*, are to be advertised and sold after the expiration of six months from the time of the completion of the publication of notice.

ERROR to the district court for Richardson county. Tried below, before WEAVER, J.

*Isham Reavis, Aug. Schoenheit*, and *E. W. Thomas*, for plaintiff in error, cited *Tecumseh Town Site Case*, 3 Neb., 267. *Mills v. Paynter*, 1 Neb., 443. *Davis & Barnes v. Murphy*, 3 Minn., 125. *Leech v. Ranch*, 3 Minn., 448. *Castner v. Gunther*, 6 Minn., 134. So far as concerns the execution of the deed to Burbank

we say this was the execution of a power given by statute, and that to the due execution of a power a recital of, or even an express reference to it, is not necessary; the intent to execute it is matter *en pais*, to be collected from all the circumstances. *Crane v. Lessee of Morris*, 6 Pet., 598. *Bishop v. Semple*, 11 Ohio St., 277. The district court should have allowed plaintiff to prove by parol evidence that Dorrington was mayor, and that when he made the deed in question, he did so for the purpose of executing the power given to him. *Gourley v. Hankins*, 2 Iowa, 75.

*George P. Uhl*, for defendant in error.

1.    The court decided that the deed was the individual deed of Dorrington. This was right. Dillon on Mun. Corp., §450. *Coburn v. Ellenwood*, 4 New Hamp., 99. *Touchard v. Touchard*, 5 Cal., 306. *Brinley v. Mann*, 2 Cush., 337. *The People ex rel. Hunter v. Peters*, 4 Neb., 254. *Bank of Metropolis v. Guttschlick*, 9 Peters 19.

2.    The city of Falls City was incorporated on the 13th of January, 1860. Sess. Laws 1859–60, p. 172. And by sections one and two of that act, the said city can only take and dispose of real property by the name of "Falls City," and the Town Site Act was passed *on the 4th of November*, 1858. Sess. Laws 1858, p. 266. The patent introduced is dated on the 20th day of February, 1862, and the deed which was excluded is dated 29th September, 1862. It appears from these different dates, that at the time Falls City entered the lands in the patent described, she could only enter them in her corporate character, viz.: "Falls City," and the patent conveying the land to the corporate authorities was really a conveyance to the city of Falls City. *New Market v. Small*, 45 N. H., 87. And every conveyance must come

from the "City of Falls City," and not from any particular individual: although the legislature has provided that the "mayor" shall be the agent by whom the conveyance shall be executed, it must still be executed in the name of "Falls City." *See authorities cited above.*

3.  The acknowledgment to their pretended deed does not state that D. Dorrington was known to the officer taking the acknowledgment, which is an absolute requisite of the law.  Gen. Stat. Neb., p. 879, §38.  R. S., p. 279, § 43.  Laws 1856.  12 Iowa, 389.  A defective acknowledgment cannot be aided by parol evidence. 4 Ia., 381.  4 G. Green, 162, and authorities there cited.  1 Iowa, 413.  13 Ohio, 116.  1 Pet., 328–338.


MAXWELL, J.

The plaintiff brought an action of ejectment against the defendant, in the district court of Richardson county, to recover possession of lots 19, 20, 21, and 22, in block 65, in the town of Falls City.

The defendant in his answer to the plaintiff's petition, *First*, Denied all the facts stated therein.  *Second*, Alleged that he was the owner of said lots, and in actual possession thereof, and that he had made lasting and valuable improvements thereon.  *Third*, That he purchased said lots at a sale of the same for delinquent taxes in the year 1869, and that on the fourth day of September, 1872, the treasurer of Richardson county, in pursuance of the conditions of said sale, delivered to the defendant a deed to the same; and therefore the plaintiff's cause of action is barred by the statute of limitations.

The plaintiff in his reply to the answer denied the validity of the tax deed.

On the trial of the cause, the plaintiff introduced in evidence a patent from the United States to certain

trustees as the town council of Falls City, as the proper corporate authorities thereof, in trust for the several use and benefit of the occupants thereof, according to their respective interests under the act of May 25, 1844, and to their successors and assigns in trust, as aforesaid, the south-east quarter of section ten, in township one north, of range sixteen east of the sixth principal meridian.

The plaintiff then offered in evidence a deed of conveyance from the mayor of Falls City to himself, of the lots in controversy. The following is a copy of the deed:

THIS DEED WITNESSETH, That I, David Dorrington, Mayor of the Town of Falls City, Richardson county, Nebraska Territory, for and in consideration of one dollar to me in hand paid by J. Edward Burbank, do hereby grant, bargain, sell, and convey, unto the said J. Edward Burbank, his heirs and assigns, forever, the following described real estate, situate in said town, county, and territory, to-wit: * * lots 19, 20, 21, and 22, in block 65. * * And in my official capacity will warrant and defend the same against the claims of all persons whomsoever. .

Witness my hand and official seal this 29th day of September, 1862.

(Signed) . DAVID DORRINGTON,
Witness present, Mayor.{ FALLS CITY SEAL }
GEORGE VANDEVENTER.

TERRITORY OF NEBRASKA, } ss.
COUNTY OF RICHARDSON. }

On this 29th day of September, A.D. 1862, personally appeared before me the undersigned county clerk, in and for said county, David Dorrington, Esq., mayor of the city of Falls City, and signed and acknowledged the

above instrument of writing to be his voluntary and official deed.

> Given under my hand and official seal, at my office in Falls City, the day and year last above written.

{ Seal. }　　　GEO. VAN DEVENTER,
　　　　　　　　　　County Clerk.

Objections were made by the defendant to the introduction of the deed in evidence, which were sustained by the court, and the deed excluded.

The defendant offered no evidence. Judgment was rendered for the defendant in the court below, to reverse which the plaintiff brings the case into this court by petition in error.

The fifth section of the act "to regulate the entry and disposal of town sites," approved November 4, 1858 (Laws, 1858, p. 266), provides that: "After the lapse of thirty days from the first day of publication of such notice the mayor of the town, or if there is no mayor, the chairman of the board of trustees, if such town is incorporated, and if the town is not incorporated, then the county judge of the county wherein the town is situated shall, on demand, execute and deliver to each person, who may be legally entitled to the same, a deed in fee simple for the part or parts, lot or lots, of such land as the person demanding may be lawfully entitled to, on the payment by such person of his proportion of the purchase money of the land, together with his proportion of such sum as may be necessary to pay for streets, alleys, squares, and public grounds, and all costs and expenses necessarily incurred in the entry of the land."

Section six provides for determining the question of title, where two or more persons claim title adversely to the same lot, lots, or lands.

13

Section eight provides that any person aggrieved by the determination of the mayor, chairman of the board of trustees, or county judge, may appeal to the district court, etc.

Section eleven provides that: " At the expiration of six months *after notice has been given* by publication of the entry of the town site, all lots not conveyed by deed shall be advertised for sale and sold to the highest bidder.".

Section one of the act of congress in relation to town sites on the public lands, approved May 23, 1844 (5 Statutes at Large, 657), provides that: " Whenever any portion of the surveyed public lands has been or shall be settled upon and occupied as a town site, and therefore not subject to entry under the existing pre-emption laws, it shall be lawful, in case such town or place shall be incorporated, for the corporate authorities thereof, and if not incorporated, for the judges of the county court for the county in which such town may be situated, to enter at the proper land office, and at the minimum price, the land so settled upon and occupied, in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust, as to the disposal of lots in said town and the proceeds of the sales thereof, to be conducted under such rules and regulations as may be prescribed by the legislative authority of the state or territory in which the same is situated," etc.

The legislature, in pursuance of the authority here granted, has provided that the mayor of the town, or if there is no mayor, the chairman of the board of trustees, if the town is incorporated, and if the town is not incorporated, the county judge of the county wherein the town is situated, shall execute the trust, by making and delivering to each person who may be legally entitled to the same, a deed in fee simple for the lot, or lots, of lands

which the party demanding the same may be legally entitled to.

The municipality does not acquire the legal title to the site. It is held in trust by the mayor, chairman of the board of trustees, or judge of the county, for the use of the occupants of the town and those entitled to deeds. In the execution of the trust it is usual for the mayor, or other officer, making a deed to recite therein the authority under which the conveyance is made, but the failure to do so will not invalidate the deed. The objection, therefore, that the power is not recited in the deed is untenable.

Objection is made that the deed was made by Dorrington as an individual, and not as mayor. It purports to be his deed as mayor of Falls City, and is not his individual deed.

Objection is made to the form of acknowledgment. Section two, chapter 61, of the Gen. Stat., provides that: "The acknowledgment must be made or proved, if in this state, before a judge or clerk of any court, or some justice of the peace, or notary public therein; but no officer can take any such acknowledgment or proof out of his state jurisdiction."

Section thirty-eight provides that: "No acknowledgment of any conveyance having been executed shall be taken by any officer, unless the officer taking the same shall know, or have satisfactory evidence, that the person making such acknowledgment is the person described in and who executed the conveyance."

"Acknowledgment" is defined to be the act of one who has executed a deed, by going before some competent officer or court and declaring it to be his act or deed. Bouvier Law Dict., 56.

The function of an acknowledgment is twofold: to authorize the deed to be given in evidence without further proof of its execution, and to entitle it to be recorded.

*Id.* The acknowledgment is no part of the deed itself. It is required by the statute as evidence of execution, or as authority for registration. *Lessee of Foster v. Dennison,* 9 Ohio, 125. A certificate is sufficient if it show that the requirements of the statutes have been complied with in substance.

In this case the certificate of acknowledgment states that "on the twenty-ninth day of September, 1862, personally appeared before him, David Dorrington, mayor of Falls City," etc. This is a sufficient statement of the identity of the grantor.

The defendant insists, that after the expiration of six months from the date of entry of the town site, all judicial discretion of the mayor ended, and a deed executed by him after that period had elapsed is null and void.

Section four of the act " to regulate the entry and disposal of town sites," approved November 4, 1858, provides for notice to be given of the fact of entry, and that no deeds for the land, or any part thereof, shall be executed and delivered within the period of thirty days *after* the first day of the publication of such notice.

Section eleven provides that "at the expiration of six months *after notice has been given by publication* of the entry of any town site, as provided in section four, the proper authorities shall advertise and sell such lots as are not conveyed by deed, and remain *vacant* and *unoccupied.*" The publication of the notice provided for in section four is not complete until thirty days *after* the first day of the publication thereof; and the six months referred to in section eleven does not commence to run until the publication of the notice provided for in section four is complete. The date of publication of the notice does not appear, and in the absence of proof to the contrary, the presumption is, that the officer did his duty, and that the deed was made within the time prescribed by the statute.

The court therefore erred in excluding the deed from the jury, and this being decisive of the case the judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.