CASE 3—PETITION EQUITY—MARCH 8.

# Stevenson v. Brasher, &c.

APPEAL FROM CHRISTIAN COURT OF COMMON PLEAS.

1. ACKNOWLEDGMENT OF DEEDS—CLERK NOT DISQUALIFIED BY HAV-ING INTEREST.—The fact that a county clerk or his deputy is the grantee in a deed does not disqualify him to take the grantor's acknowledgment; but where the officer taking the acknowledgment has such an interest, it is competent for him to impeach his certificate by testifying that the acknowledgment was not taken as the law directs, and, therefore, in the case of a married woman's acknowledgment he may testify that she was not examined separately and apart from her husband.

2. SAME—MINISTERIAL ACTS.—The acts of a clerk in taking the acknowledgment to a deed and certifying the same are ministerial, and not judicial.

3. DOWER.—While a widow can not be endowed of lands given in exchange, and also of the lands taken in exchange, she may have her election to be endowed of which she will. But the fact that in her husband's life-time she relinquished her dower in the land received in exchange does not deprive her of the right to dower in the land given in exchange.

HENRY J. STITES FOR APPELLANT.

1. An acknowledgment taken by an officer who is personally interested in the transaction is invalid. (Devlin on Deeds, vol. 1, sec. 476; Withers v. Baird, 32 Am. Dec., 757.)

2. By releasing her dower in the tract of land received in exchange, the widow is not estopped to claim dower in the tract given in exchange. (Mahoney v. Young, 3 Dana, 588.)

   Although she does not claim it, she is strictly entitled to dower in both pieces of property. (Cass v. Thompson, 8 Am. Dec., 36; Scribner on Dower, vol. 1, p. 272.)

PETREE & DOWNER FOR APPELLEES.

1. There being neither fraud nor mistake, the clerk's certificate can not be contradicted by showing that the deed was not voluntarily acknowledged by the wife, or that the husband was present. (Tichenor v. Yankey, 11 Ky. Law Rep.)

2. The property received in exchange was mortgaged by appellant and her husband with the fraudulent intent of depriving appellees of any

right to look to this property by way of redress for the loss they would sustain by reason of the claim to dower, which appellant then intended to, and does now, assert in the land given in exchange; and as appellant freely and voluntarily participated in the fraud, she is to be held responsible, to the extent, at least, of the injury she thereby caused to be inflicted upon appellees. (Heck v. Fisher, 78 Ky., 643; Rusk v. Fenton, 14 Bush, 490.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

W. L. Stevenson, since deceased intestate, exchanged his house and lot in the city of Hopkinsville, with a portion of the appellees and the representatives and immediate vendee of the others, for a small farm in Christian county, the said vendees paying some boot. The deed to said house and lot was acknowledged by said Stevenson and the appellant, his wife, before E. G. Callis, deputy clerk, who was one of the vendees. After the death of W. L. Stevenson the appellant, as his widow, instituted this action to set aside the said deed, as far as her dower right was concerned, upon the ground that her husband was present when she acknowledged the same, and said Callis was one of the vendees, and her acknowledgment was obtained by fraud, &c.

As said, said Callis was made one of the defendants to the action. He states in his deposition that the husband of the appellant was present when he took her acknowledgment to the deed; but he pleads ignorance of duty in that regard rather than fraud.

We do not agree to the proposition that the fact that Callis was one of the vendees rendered him incompetent to take the acknowledgment. A large majority of the authorities hold that if the officer taking the acknowledgment is a vendee, or has such an in-

terest that would render him incompetent to testify
as a witness, he is, for that reason, not competent to
take the acknowledgment.   The ground of these de--
cisions is, that the officer's duties in taking the ac-
knowledgment being purely judicial, and his certificate
of acknowledgment being evidence of the facts therein
contained, and the temptation, by reason of his inter-
est, being strong to manufacture evidence for himself,
he will not be permitted to do so, especially as he
would not be permitted, by reason of his interest, to
testify to the same facts as a witness, and the other
party would be likewise incompetent as a witness.

The foregoing reasoning is now not applicable in
this State, for the reason that either party may tes-
tify concerning said matter.   Besides, while some of
the duties of the officer are judicial in character, his
acts and certificate belong to the ministerial class, and
are known as ministerial duties.   Besides, in such cases
the statute of this State gives no one but the county
clerk, or his deputies, authority to take the acknowl-
edgment to deeds ; and if the clerk, by reason of his
interest, could not take the acknowledgment, accord-
ing to the statute no one could, and he, in consequence
thereof, would be deprived of making a purchase of
real estate in all cases where an acknowledgment was
essential to convey the title, and would be deprived
of acquiring a perfect title where an acknowledgment
was essential to such a title.   In the cases of sheriffs,
&c., the statute provides that where they are inter-
ested others must act in their stead, and their action
in such cases is generally held to be void; but there
is no such provision in reference to acknowledgments

by others in case the clerk is interested. This shows that the law-makers regarded clerks' duties in reference to acknowledgments as ministerial, and clerks, therefore, competent to take acknowledgments, notwithstanding they might be interested. (Lynch v. Livingston, 6 N. Y., 434.) But there is this qualification in case of the interest of the officer taking the acknowledgment, to wit: evidence that would otherwise be incompetent is rendered competent, and will authorize the court to set aside the acknowledgment, although it would not otherwise be sufficient for that purpose.

In the case of his having no interest, he would not be permitted to testify that the husband was present when the wife was examined, for the reason that such evidence would stultify his certificate, unless fraud on the part of the person benefited should be charged, and such evidence should be germane to the investigation of that matter; but where the clerk is a party in interest, and the issue is made as to the validity or legality of his acts in taking the acknowledgment, it is competent and highly proper for him to testify to any omission or violation of duty in taking the acknowledgment. He, being one of the parties to whom the conveyance was made, and one of the beneficiaries of the wife's acknowledgment, may show that her acknowledgment was not taken as the law directs. The fact that he was innocent in this omission of duty makes no difference, for the wife can not convey away her right of dower, unless the requirements of the statute are pursued in every particular; and that she shall be examined separately and apart from her hus-

band is one of the requirements which is indispensable, the performance of which devolves upon the clerk taking the acknowledgment; and if he, in taking the acknowledgment for his own benefit, fails to perform said duty, he and his co-vendees should not be permitted to profit by such failure, but they should be considered to have failed to get the wife's dower right by the fraud or laches of said clerk, and, for that reason, not entitled to it.

The appellant properly joined her husband in mortgaging the farm that the husband received in exchange for said house and lot, and the same, including the appellant's dower therein, was sold to satisfy said mortgage debt. The chancellor estimated the value of the appellant's dower right in said farm, and deducted the same from the value of her dower right in said house and lot, and allowed her the value of her dower therein, subject to said deduction.

In the case of Mahoney v. Young, 3 Dana, 588, Mahoney conveyed a house and lot, which he owned in Shelbyville, to Frederick Young, in exchange for one hundred and seventy-nine acres of land in Jefferson county. Young, in his life-time, his wife joining in the conveyance, sold and conveyed away said house and lot. After his death his wife sued for dower in the Jefferson county property. Her right was resisted upon the ground that she was not entitled to dower in both pieces of property, and she having relinquished her dower in the house and lot, the same amounted to an election on her part to take dower in said house and lot. But the court said:

"We are aware that a widow cannot be endowed of lands given in exchange and also of the lands

taken in exchange; but she may have her election to be endowed of which she will; but the fact of her relinquishing her dower in the life-time of her husband in the house and lot should surely not preclude her from her dower in the land. Such relinquishment can not amount to an election to take her dower in the house and lot relinquished, but so far from it, rather indicates her election to take her dower in the tract not relinquished."

That case settles this. The appellant is not estopped from claiming her dower as against the sub-vendees.

The judgment is reversed, with direction to allow the appellant her dower in said house and lot, free from the value of her dower right in said farm.