CASE 92—PETITION EQUITY—JANUARY 23.

## Beuley v. Curtis, &c.

APPEAL FROM MASON CIRCUIT COURT.

1. DEED OF MARRIED WOMAN—CERTIFICATE BY DEPUTY CLERK IN HIS OWN NAME.—While a deputy clerk should act in the name of his principal, and not in his own name, a certificate to a deed made and signed by him in his own name, as "Deputy Clerk," without using the name of the principal either in the body of the certificate or in the subscription, is not void. And although the grantor in such a deed be a married woman, she will not be allowed to repudiate the deed, it being admitted by her that the person who took and certified the ac-

knowledgment was in fact the deputy clerk, and that he was acting for his principal.

2. SAME—FAILURE OF TRUSTEE TO JOIN IN DEED.—When land is held in trust for a married woman, a deed by her and her husband will pass her equitable right, although the trustee does not unite in the deed, and the wife can not, after she becomes discovert, recover the land.

EDWARD W. HINES FOR APPELLANT.

1. To create a separate estate in the wife, it is sufficient that the husband is by implication excluded. It is not necessary that there should be express words of exclusion. (Toombs v. Stone, 2 Met., 521; Hathaway v. Yeaman, 8 Bush, 392; Griffith v. Griffith, 5 B. M., 114.)

2. Separate estates and trust estates devised or conveyed to married women can be conveyed only by the husband and trustee uniting in the conveyance. (Gen. Stats., chap. 52, art. 4, sec. 17.)

Trusts for the benefit of married women are not treated as mere passive trusts. (Lawson's Rights, Remedies and Practice, vol. 4, secs. 1977 and 1978.)

3. The certificate to the deed executed by appellant and her husband was not sufficient to pass the title. It is the certificate of the deputy and not of the principal, the name of the principal nowhere appearing. (Humphrey's Executor v. Wade, 84 Ky., 391; Talbott v. Hooser, 12 Bush, 410.)

COCHRAN & SON OF COUNSEL ON SAME SIDE.

M. C. HUTCHINS, WADSWORTH & SON, WALL & WORTHINGTON, T. C. CAMPBELL FOR APPELLEE.

Brief not in record.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

In 1854 Joseph F. Broderick conveyed a lot of ground jointly to the appellant, Mary Ann Beuley, and her sister, Margaret Prior. The will of the latter, executed in 1857, recites ownership of it and devises it to the appellant, a trustee being named for her, who, as the will says, is " to take and hold said property to and for the use of my sister, and to see that the same is kept and appropriated to her use and benefit."

In 1874, and when there was no trustee, he having died, the appellant and her husband, who died in 1888, con-

veyed the property to George W. Sulser, and he subse-
quently to the appellee, Hannah A. Curtis.

In 1889 the appellant brought this suit to recover it:
first upon the ground that by the will of her sister it was
the separate estate of the appellant or held in trust for her,
and that while her husband united in the deed to Sulser,
yet no trustee did so, nor did the heirs of the deceased
one; and second, that the certificate of acknowledgment
to the deed is not sufficient to pass her right.

If the first ground be valid, but the second one not so,
then it is manifest the appellant could only disregard her
deed as to the half of the property conveyed to Mrs. Prior
by the Broderick deed. The petition shows the latter
regarded the entire lot as belonging to her and that she
had the right to devise it merely because she had paid all
the purchase money.

The first inquiry then is as to the validity of the
acknowledgment. If the deed made by the appellant be
invalid, then the appellee has no title. If, however, it is to
be regarded as sufficient in form, then the second inquiry is
whether, inasmuch as neither the heirs of the dead trustee
or any new trustee appointed by a court united in it, it is
sufficient to bar a recovery by the appellant of the half
of the property owned by Mrs. Prior, and which the ap-
pellant took under her will.

The name of the county court clerk does not appear in
the acknowledgment. It reads thus:

" STATE OF KENTUCKY,

" COUNTY OF MASON, SCT.

" I, W. W. Ball, deputy clerk of the county court for
the county and State aforesaid, do certify that the forego-

ing deed of conveyance from Mary Ann Beuley to Geo. W. Sulser was on the 8th day of January, 1874, produced to me in said county and acknowledged by said Mary Ann Beuley and Alfred Beuley, her husband, parties thereto, to be their act and deed and this day lodged for record, whereupon the same, together with this certificate, hath been duly recorded in my office.

"Given under my hand this 9th day of January, 1874.

"W. W. Ball,

"*Deputy Clerk Mason County Court.*"

Undoubtedly the proper course for a deputy is to act in the name of his principal. He should always do so. It has been said that a deputy "is but the officer's shadow, and doth all things in the name of the officer himself and nothing in his own name, and his grantor shall answer for him." Any official act done by him should be done in the name of his principal. In certifying the acknowledgment or recording of a deed it should be in the name of the clerk by him as the deputy.

The authority given by law to a ministerial officer is to the incumbent of the office. It is not to the deputy, but to the principal, and is exercised by the latter by himself or deputy.

The appellant, however, is now dis-covert; she is *sui juris*, and she admits, by in substance averring in her pleading, that she united in the conveyance and acknowledged it before the regular deputy, who was authorized to take her acknowledgment.

The copy shows that it was made a recorded instrument, and to hold under these circumstances that because the deputy, although acting for and in the name of his prin-

cipal, failed to use the name of his principal in making out the certificate, but certified it in his own name, but as deputy of the Mason county court clerk, would be a sacrifice of right and justice to mere form; and while the deed of a married woman to bind her must be executed strictly in conformity to law, yet this rule should not be so far extended as to observe the form rather than the substance. Properly, the deputy clerk should have made out the certificate in the name of his principal by him, but the petition admits in substance that he was the deputy; that acting for his principal he took the acknowledgment, and it shows that as such deputy he certified it.

When the deed was made there was no trustee. The statute now provides that an estate devised in trust for a married woman may be sold and conveyed as if it had been conveyed absolutely to her, provided it be not forbidden by the terms of the devise and if her husband and the trustee, if there be one, unite in the conveyance.

The proviso, if there be one, was not, however, contained in the law in force when the deed was made by the appellant in 1874. The law then provided that the conveyance might be made if the husband and trustee united in it.

The amendment was enacted on April 27, 1880. The appellant was, however, the sole beneficiary of the trust. She was the only *cestui que* trust. The devise was for her use and benefit alone. No one else, either with or beyond her, was provided for by its terms. The conveyance by her and her husband passed her equitable right. She is now asking in an equitable forum that it be disregarded and that she recover the property, which she in solemn form conveyed, because no trustee united with her in the conveyance. The devise did not forbid the con-

veyance, and as the deed passed her equitable right she can not recover upon the ground that no trustee united in it.

The demurrer to the petition was properly sustained and the judgment is affirmed.