Horbach v. Tyrrell.

JOHN A. HORBACH, APPELLEE, V. SARAH J. TYRRELL ET AL., APPELLEES, IMPLEADED WITH JULIA M. SCHENCK ET AL., APPELLANTS.

FILED MAY 19, 1896. No. 6231.

1. **Acknowledgment of Deed.** The functions of an acknowledgment to a deed are twofold: (1) To authorize the deed to be given in evidence without further proof of its execution; (2) to entitle it to be recorded; and unless the real estate conveyed or incumbered the homestead of the grantors, an acknowledgment is not essential to the validity of the conveyance.

2. **Homestead: DEED: ACKNOWLEDGMENT.** A conveyance of real estate, such real estate being the homestead of the grantors, is, unless acknowledged, absolutely void.

3. **Acknowledgment: ACT OF OFFICER.** In this state the act of an officer in taking the acknowledgment of the grantor to a conveyance of real estate is a ministerial one.

4. **Corporations: OFFICERS.** The fact that one is shown to be secretary and treasurer of a corporation will not authorize the presumption that he is a stockholder of such corporation.

5. **Acknowledgment: DISQUALIFICATION OF OFFICER.** What relationship or what interest possessed by an officer disqualifies him from taking an acknowledgment must be determined from the facts and circumstances of the case in which the question is presented, rather than by any general rule.

6. ———: ———. A notary public is not disqualified from taking an acknowledgment of a mortgage made to a corporation, merely because it is shown that he was at the time secretary and treasurer of the mortgagee, it not appearing that he was a stockholder in such corporation or otherwise beneficially interested in having the mortgage made.

APPEAL from the district court of Douglas county. Heard below before IRVINE, J.

See opinions for references to authorities.

*Kennedy & Learned* and *W. H. Crow*, for appellants.

*Howard B. Smith* and *Elmer E. Thomas*, contra.

*Blair & Goss*, for plaintiff.

Ragan, C.

John A. Horbach brought this suit in equity in the district court of Douglas county to foreclose a real estate mortgage executed and delivered to him by Isaac Tyrrell and Sarah J., his wife. The mortgage conveyed the east fifty feet of the west four hundred feet of lot 2, in Bartlett's Addition to the city of Omaha, and lot 21, in block 23, Sheridan Place, city of Omaha. The mortgage bore date May 2, 1890, and was filed for record in the office of the register of deeds of Douglas county May 5, 1890. Prior to the bringing of this suit Isaac Tyrrell died intestate. His widow and heirs and George L. Wass, his administrator, were made defendants to this action. On the trial the court appointed Elmer C. Thomas, an attorney of the court, guardian *ad litem* for the minor children. Julia M. Schenck and the O. F. Davis Company, a corporation, were also made parties to the action and filed cross-petitions. Julia M. Schenck sought to foreclose a mortgage bearing date May 16, 1887, executed by Tyrrell and wife to the O. F. Davis Company on the said east fifty feet of the west four hundred feet of lot 2, in Bartlett's Addition, she being the assignee of the O. F. Davis Company. This mortgage was recorded in the office of the register of deeds of Douglas county on the 18th of May, 1887. The O. F. Davis Company sought to foreclose a mortgage dated May 16, 1887, and recorded May 23, 1887, executed by Tyrrell and wife to it on the same premises described in the mortgage assigned by the O. F. Davis Company to Schenck. If all these mortgages are valid, the mortgage of Julia M. Schenck is a first and

the mortgage of the O. F. Davis Company a second lien upon all the real estate described therein, and the mortgage of Horbach a third lien upon the property described in the Schenck and O. F. Davis Company mortgages, and a first lien on lot 21, block 23, Sheridan Place. By the decree of the district court the mortgage of Horbach was held to be valid, and the mortgages sought to be foreclosed by Schenck and the O. F. Davis Company were adjudged void. From this decree the O. F. Davis Company and Julia M. Schenck have appealed.

1. The O. F. Davis Company, to whom the mortgages adjudged void were made and delivered, was at the time a domestic corporation. The real estate conveyed by the mortgages was the homestead of Tyrrell and wife, and the notary public who took the acknowledgment of Mr. and Mrs. Tyrrell to the mortgages was, at the time, the secretary and treasurer of the O. F. Davis Company, mortgagee. The learned district court was of opinion that the notary public, by reason of his relation to the mortgagee, was disqualified from taking the acknowledgment of Mr. and Mrs. Tyrrell, and that therefore the mortgages were absolutely void. Conveyances of real estate in this state, except leases for one year or for a less time, if executed in this state, are required by the statute to be signed by the grantor, being of lawful age, in the presence of at least one competent witness and to be acknowledged or proved. (See sec. 1, ch. 73, Compiled Statutes, 1895.) By section 2 of said chapter it is provided that the grantor must acknowledge the instrument to be his voluntary act and deed. In *Burbank v. Ellis*, 7 Neb., 156, *Harrison v. McWhirter*, 12 Neb., 152, *Buck v. Gage*, 27 Neb., 306, and *Connell v. Galligher*, 36 Neb., 749, it was held: The functions of an acknowledgment to a deed are twofold,—(1) to authorize the deed to be given in evidence without further proof of its execution, and (2) to entitle it to be recorded. It was further held that the acknowledgment of a deed to real estate was no part of the deed itself. We must not be understood as ques-

tioning in the slightest degree the correctness of these decisions. But the real estate described in the conveyances considered in those cases was not the homestead of the parties making the conveyances, and the decisions had no reference to the acknowledgment of conveyances affecting the homestead of the grantors. In 1879 the legislature passed an act entitled "Homesteads." This is now chapter 36, Compiled Statutes of 1895. Section 4 of this chapter is as follows: "The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." The obvious purpose of this statute is to render all conveyances or incumbrances made of a homestead absolutely void unless such conveyances are not only signed and witnessed but acknowledged by both the husband and the wife. It therefore follows that the mortgages of the appellants Schenck and the O. F. Davis Company are void, even as between the parties thereto, if those mortgages were not duly acknowledged; that is, if the officer who took the acknowledgment of the grantors therein was disqualified from taking such acknowledgment.

2. In what character or capacity does an officer act in taking the acknowledgment of a grantor to a conveyance of real estate? Is the act judicial or ministerial? Section 2, chapter 73, *supra*, only requires the grantor to acknowledge the instrument to be his voluntary act and deed; and the requirement of section 3 of said chapter is that he may make such an acknowledgment before a judge or clerk of any court or some justice of the peace or notary public. No statute of which we are aware declares that the act of taking an acknowledgment is or shall be held to be a judicial one, and section 1, article 6, of the constitution of the state declares: "The judicial power of this state shall be vested in a supreme court, district courts, county courts, justices of the peace, police magistrates, and in such other courts inferior to the district courts as may be created by law for cities and in-

corporated towns." Judicial power, it would seem, is the authority of some person or tribunal to hear and determine a controversy and to reduce such determination to a judgment or decree binding the parties thereto; but the acknowledgment by a grantor that he executed a conveyance is merely his voluntary admission that he has done so. The officer taking the acknowledgment has no power to compel a grantor to attend before him and no power to coerce an answer as to whether he did execute a conveyance; and upon the theory that the act of an officer in taking an acknowledgment is a ministerial one the supreme court of Massachusetts held in *Learned v. Riley*, 14 Allen, 109, that the acknowledgment of a deed might be taken by a justice of the peace out of the county in which he resides. The cases in which the question has been considered are, however, by no means harmonious. They are collated in 1 American & English Encyclopedia of Law, second edition, at pages 487, 488, and it is there said that the weight of authority is that the act of an officer in taking an acknowledgment of a real estate conveyance is a ministerial one. Following are some of the authorities there collated which hold such act to be judicial: *Griffith v. Ventress*, 91 Ala., 366; *Wedel v. Herman*, 59 Cal., 514; *Stevens v. Hampton*, 46 Mo., 404; *Long v. Crews*, 113 N. Car., 256; *Cover v. Manaway*, 115 Pa. St., 338; *Bowden v. Parrish*, 86 Va., 67; *Pickens v. Knisely*, 29 W. Va., 1; *Johnston v. Wallace*, 53 Miss., 331.

In *Wasson v. Connor*, 54 Miss., 351, the court said: "It is evident that the taking of an acknowledgment of a grantor is a *quasi*-judicial act.   *   *   *   The officer who takes an acknowledgment acts in a judicial character in determining whether the person representing himself to be   *   *   *   the grantor named in the conveyance actually is the grantor. He determines further whether the person thus adjudged to be the grantor does actually and truly acknowledge before him that he executed the instrument."

In *White v. Connelly*, 105 N. Car., 65, it was held that the

clerk of a superior court, in adjudicating a certificate of acknowledgment and admitting the instrument to probate and ordering registration, acts judicially.

The following are some of the authorities which hold that such an act is a ministerial one: *Elliott v. Peirsol*, 1 Pet. [U. S.], 338; *Hill v. Bacon*, 43 Ill., 477; *Beuley v. Curtis*, 92 Ky., 505; *Gibson v. Norway Savings Bank*, 69 Me., 579; *Scanlan v. Wright*, 13 Pick. [Mass.], 523; *Bank of Benson v. Hove*, 45 Minn., 40; *Truman v. Lore*, 14 O. St., 144; *Williamson v. Carskaden*, 36 O. St., 664; *Lewis v. Waters*, 3 Har. & McH. [Md.], 430.

The conflict in the authorities is probably due to the peculiar statutes of the various states on the subject of acknowledgments. In *Calumet & Chicago Canal & Dock Co. v. Russell*, 68 Ill., 426, and *Kerr v. Russell*, 69 Ill., 666, the supreme court held that an officer in taking the acknowledgment of a married woman acted judicially; but when the acknowledgments considered in those cases were taken the statute of Illinois required of an officer taking the acknowledgment of a married woman to make her acquainted with and explain to her the contents of the conveyance; to examine her separate and apart from her husband as to whether she executed the conveyance voluntarily, freely, and without the compulsion of her husband, and to make a certificate accordingly. (See sec. 17, ch. 24, Statutes of Illinois, 1856.) Subsequently the legislature repealed this statute and enacted another providing, in effect, that if a married woman should join with her husband in the execution of a conveyance of real estate, she should be bound and concluded by the same in the same manner as if she were *sole;* that the acknowledgment of a married woman to a conveyance of real estate might be taken the same as if she were a *feme-sole* and have the same effect. (See Session Laws of Illinois 1869, p. 359.) After the passage of the statute quoted above the supreme court of Illinois, in *People v. Bartels*, 138 Ill., 322, held that the taking of an acknowledgment of a married woman to a conveyance of real estate was a

ministerial act. Magruder, C. J., speaking for the court, said: "The doctrine that the taking of an acknowledgment is a judicial act had its origin in the consideration of acknowledgments by married women, where the officer is required to make the privy examination herein referred to; and as applied to such cases the doctrine is sound." He then cites *Calumet & Chicago Canal & Dock Co. v. Russell* and *Kerr v. Russell, supra,* and remarks that in these cases "the acknowledgments were by married women, and the certificates stated that they were examined separate and apart from their husbands, * * * as required by the statute then in force. * * * In those cases the taking of the acknowledgment was correctly held to be a judicial act. But the present statute of this state no longer requires the separate examination of a married woman in order to relinquish her dower or convey her separate estate. She is treated as though she were a *feme-sole.*" The statutes of this state require nothing more of a married woman than is required of her husband to make effectual a conveyance of her real estate or effectual a conveyance of her dower interest in the real estate of her husband. All that is required of either a husband or wife is that they shall sign the conveyance; that it shall be witnessed, and that they shall acknowledge the signing of the instrument to be their voluntary act and deed. If the real estate described in the conveyance is a homestead, then it must be not only signed and witnessed, but it must be acknowledged, in order to be good even between the parties; and if not a homestead, the conveyance, if signed, witnessed, and delivered, will pass the title between the parties. We think that the weight of authority is to the effect that the act of an officer in taking the acknowledgment of a grantor to a conveyance of real estate is a mere ministerial act.

3. This brings us to the precise question in this case, namely: Was the acknowledgment of Mr. and Mrs. Tyrrell to the mortgages on their homestead, taken by the notary public, void because of the fact that such notary

public was then and there the secretary and treasurer of the mortgagee? There is no evidence in the record that this notary public had any interest whatever in the corporation mortgagee. No law of this state requires that a secretary or treasurer of a corporation shall be a stockholder thereof; and simply because the evidence shows that a person is secretary and treasurer of a corporation, the court ought not to presume that he was therefore a stockholder in such corporation. (*Florida Savings Bank & Real Estate Exchange v. Rivers*, 18 So. Rep. [Fla.], 850.) What interest and what relationship possessed by an officer disqualifies him from taking an acknowledgment of a conveyance of real estate? We have not been cited to any authority, nor have we been able to find one, which lays down, or attempts to lay down, any rule which will afford in all cases a safe test for determining whether an officer is disqualified by reason of his relationship or interest from taking an acknowledgment in any particular case. Whether such disqualification exists in any case must be determined from the peculiar facts and circumstances of that case. No statute exists in this state which prescribes what relationship or interest of an officer shall disqualify him from taking an acknowledgment in any given case; but it would seem that on grounds of public policy an officer should be disqualified from taking an acknowledgment whose direct and beneficial interest would be subserved in having the conveyance made which he acknowledged. And perhaps it may be said, as a very general proposition, that an officer who is a party to a conveyance or interested therein is disqualified from taking the acknowledgment of the grantor. What relationship and what interest disqualifies an officer from taking an acknowledgment has been many times considered by the courts, as an examination of the following authorities will show:

In *Hammers v. Dole*, 61 Ill., 307, it was held that the acknowledgment of a mortgage taken before a justice of the peace, who was also the mortgagee, is void as to third

parties, notwithstanding the fact that he is the only justice in the township qualified to take acknowledgments.

In *Brereton v. Bennett*, 25 Pac. Rep., 310, the supreme court of Colorado held: "The fact that the officer taking the acknowledgment of a chattel mortgage was the partner of the mortgagee and negotiated the loan secured by the mortgage does not render the mortgage fraudulent and void as to other mortgage creditors, when it is not shown that he was a party in interest to either the lien or the note."

In *Stevenson v. Brasher*, 90 Ky., 23, the court of appeals of Kentucky held that where only the county clerk and his deputies are authorized to take acknowledgments of deeds, the clerk may take the acknowledgment of a deed in which he is grantee.

Chapter 37, section 2, of the Code of North Carolina permits a deputy clerk to take the probate of a deed. In *Piland v. Taylor*, 113 N. Car., 1, it was held that the fact that the clerk was grantee did not invalidate the probate taken by the deputy.

The statutes of Michigan provide that a judicial sale shall be made by the sheriff or under sheriff and the deed executed by the officer making the sale. In *Cook v. Foster*, 96 Mich., 610, the supreme court of that state, in construing this statute, held that a deed executed by an under sheriff might be acknowledged by the sheriff, he being a notary public.

In *Ewing v. Vannewitz*, 8 Mo. App., 602, it was held that the acknowledgment of a deed of foreclosure made by a sheriff as trustee under a deed of trust may be taken by a notary who is also deputy sheriff.

In *Fredericksburg Nat. Bank v. Conway*, 1 Hughes [U. S. C. C.], 37, it was held "a notary, who was one of the beneficiaries under a deed of trust, might take the grantor's acknowledgment."

In *Withers v. Baird*, 7 Watts [Pa.], 227, it was held that an officer who is bound to make title through third persons is so far interested in the conveyance as to be dis-

qualified to take the acknowledgment of the wife of the grantor.

In *Sample v. Irwin*, 45 Tex., 567, it was held that a notary who identifies himself with the transaction by placing his name on the face of a deed of trust, as the avowed agent of one of the parties, cannot acknowledge the instrument.

In *Nichols v. Hampton*, 46 Ga., 253, it was held that a notary who is also attorney for the mortgagor cannot take his client's acknowledgment of the mortgage; but in *Bierer v. Fretz*, 32 Kan., 330, it was held that an acknowledgment of a mortgagor was good although taken by an attorney for the mortgagee.

In *Penn v. Garvin*, 56 Ark., 511, it was held that a notary, who acted as agent of a mortgagor in obtaining the loan secured by the mortgage, is not so interested as to be disqualified to take the acknowledgment of the mortgage.

In *Kutch v. Holley*, 77 Tex., 220, it was held that a married woman's acknowledgment taken by a notary, who was the attorney of her husband, but not beneficially interested in the deed, is valid.

In *City Bank of Boone v. Radtke*, 87 Ia., 363, it was held that "the acknowledgment of a chattel mortgage made to a partnership before a notary who is one of the partners is void" as to third parties without actual notice.

In *Long v. Crews*, 113 N. Car., 256, it was held that the acknowledgment of a trust deed before a notary who is a preferred creditor therein is a nullity.

In *Lynch v. Livingston*, 6 N. Y., 422, it was held that a commissioner of deeds may take the acknowledgment of a deed, although so related to the makers as to be disqualified to act as judge or juror in a trial where they are parties.

In *Remington Paper Co. v. O'Dougherty*, 81 N. Y., 474, it was held that a justice of the peace may take the acknowledgment of a deed in which his father is grantor and his wife grantee.

In *Jones v. Porter*, 59 Miss., 628, it was held that if the officer is beneficially interested his taking the acknowledgment of a relative would be void on that ground, and that the acknowledgment of a deed before the husband of the grantee therein was void.

In *Kimball v. Johnson*, 14 Wis., 734, it was held: "The acknowledgment of a mortgage made to a married woman is not invalid because taken before the husband of the mortgagee who was a justice of the peace."

In *First Nat. Bank of Helena v. Roberts*, 9 Mon., 323, it was held that a notary who is the attorney and nephew of the party to the deed is not so interested as to be disqualified to take the acknowledgment of the deed.

In *Sawyer v. Cox*, 63 Ill., 130, it was held that an officer of a corporation whose duty it is to countersign and register its deeds is not thereby disqualified from taking acknowledgment thereof as a notary, his signature not being necessary to the validity of the instrument.

These are not all the cases, by any means, in which this question has been considered, but they serve to show the futility of any attempt to lay down any general rule upon the subject. We reach the conclusion that a notary public is not disqualified from taking an acknowledgment of a mortgage made to a corporation of which he is secretary and treasurer, it not appearing that he was a stockholder in such corporation or otherwise beneficially interested in having the conveyance made. The decree appealed from is reversed and the cause remanded to the district court for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

IRVINE, C., having presided on the trial in the court below, took no part in the consideration here of the case.

RYAN, C., dissenting.

I cannot concur in the opinion prepared by Commissioner Ragan, and, avoiding needless repetition, as far as

possible, I shall submit my views upon the facts stated by him.

I regard it as of no importance whether the act of a notary public in taking and certifying to an acknowledgment is to be deemed a ministerial or a judicial act. For me, it is sufficient that the homestead can be conveyed or incumbered only by an instrument not merely executed, but which, as well, must be acknowledged. (Compiled Statutes, ch. 36, sec. 4.) The acknowledgment being by statute constituted a substantive requirement to the existence of a conveyance or a mortgage; it matters not whether this substantive requirement is classified as a ministerial or as a judicial act. In the case under consideration the notary public who took and certified the acknowledgment was at the same time the secretary and treasurer of the mortgagee, a corporation. The opinion in which I cannot concur holds that this officer was not disqualified to certify to the acknowledgment because there is found in the record no evidence that he had any interest in the corporation mortgagee. It is fair to assume that the interest referred to is a pecuniary interest, for, in the same connection in the opinion, it is said: "No law of this state requires that a secretary or treasurer of a corporation shall be a stockholder thereof; and simply because the evidence shows that a person is secretary and treasurer of a corporation, the court ought not to presume that he was therefore a stockholder in such corporation. * * * What interest and what relationship possessed by an officer disqualifies him from taking an acknowledgment of a conveyance of real estate? We have not been cited to any authority, nor have we been able to find one, which lays down, or attempts to lay down, any rule which will afford in all cases a safe test for determining whether an officer is disqualified by reason of his relationship or interest from taking an acknowledgment in any particular case. Whether such disqualification exists in any case must be determined from the peculiar facts and circumstances of

that case." (*Horbach v. Tyrrell*, 48 Neb., 514.) Following the above, and other language to the same effect, twenty cases were reviewed to illustrate and enforce the proposition that courts of last resort are irreconcilably at conflict as to what particular relationship to the parties or subject-matter should be held to disqualify a notary public to take an acknowledgment. From this the conclusion seems to be reached that no court should attempt to lay down a rule by which it will be bound, and thereupon, without further reasoning, the conclusion is that, in this particular case, the mortgage, though of a homestead, is valid. .

In so far as this court seems at all willing to commit itself, it is to the doctrine that only a pecuniary interest in a corporation mortgagee could disqualify one of its officers to act as a notary public in taking the acknowledgment, which gives validity to the incumbrance of a homestead. A corporation, as defined by Marshall, C. J., in *Trustees of Dartmouth College v. Woodward*, 4 Wheat. [U. S.], 518, is "an artificial being, invisible, intangible, and existing only in contemplation of law." It requires no citation of authorities to prove that a corporation can only act through its officers or agents. Indeed, the very definition of the word "corporation" implies the necessity of agency. It must therefore be that what are ordinarily described as the acts of a corporation are simply the acts of its officers, and this proposition is rendered none the less correct by the consideration that such officers may employ special agents, such as attorneys at law and the like, to act for the corporation. In relation to a homestead, there is required to be shown both the execution and the acknowledgment of the conveyance or mortgage. Section 347 of the Code of Civil Procedure provides: "Every private writing, except a last will and testament, after being acknowledged or proved and certified in the manner prescribed for the proof of acknowledgment of conveyance of real property, may be read in evidence without further proof." In *Phillips v. Bishop*,

35 Neb., 487, it was held by the court that a certificate of acknowledgment of a deed or mortgage in proper form could be impeached only by a clear, convincing, and satisfactory proof that the certificate is false and fraudulent, and this holding was reaffirmed in *Barker v. Avery*, 36 Neb., 599. Furthermore, in *Phillips v. Bishop, supra*, it was said: "As a general rule, the unsupported testimony of the party purporting to have made the acknowledgment is insufficient to overcome the officer's certificate." The opinion to which I cannot subscribe holds that a notary public sustaining the relation of secretary and treasurer to the mortgagee, a corporation, may nevertheless take and certify the acknowledgment of the mortgagors, almost conclusive though such certificate be under the section of the Code of Civil Procedure and the adjudicated cases just cited. I desire briefly to recapitulate that the result of this holding may more clearly appear. In the first place, a corporation must act by its officers, and from this it results that its officers' acts in the performance of their corporate duties are the acts of the corporation. In the second place, the officer of such corporation may take and certify the acknowledgment of the mortgagors and, "as a general rule, the unsupported testimony of a party purporting to have made such an acknowledgment is insufficient to overcome the officers' certificate." In the third place,—and this is the holding in the opinion from which I dissent,—each case must be determined from the peculiar facts and circumstances of that case; *ergo*, this acknowledgment was free from objection. When it is taken into consideration that the corporation, in the only manner in which it could act,— that is by its officers,—took an acknowledgment of a mortgage to itself, there is, to my mind, an exquisite suggestion of irony in the general proposition gravely laid down, that "each case must be determined from the peculiar facts and circumstances of that case."

But there is another view which may properly be taken of the relation of the secretary and treasurer to the cor-

poration, mortgagee, which arises out of the fact that the official positions named imply the same obligations as result from any other agency. This secretary and treasurer, being its agent, owed to the corporation of which he was an officer, the duty of caring for its interests to the exclusion of every other consideration. (*Rockford Watch Co. v. Manifold*, 36 Neb., 801; *Jansen v. Williams*, 36 Neb., 869; *Oliver v. Lansing*, 48 Neb., 338.) With the obligation resting upon him, it is too much to expect of an agent, designated an officer, that when by a simple certificate as to an acknowledgment he can practically conclude parties dealing with his principal as to the execution of a mortgage to such principal, this irresponsible power will not oftentimes be abused. It can make no difference in principle whether the agent can be financially benefited or not, the requirement of interest in the success of his principal equally exists. Speaking of the rule which makes this requirement, it is said in Story, Agency, section 210: "This rule is founded upon the plain and obvious considerations that the principal bargains in the employment, for the exercise of the disinterested skill, diligence, and zeal of the agent for his own exclusive benefit." For my own part I cannot see that it makes any difference in the requirement of fidelity whether or not the agent partakes in the profits of the business of his principal, and this participation is what, for the most part, is implied from the fact of being a stockholder.

If the foregoing discussion has served no other purpose it is hoped that, at least, it has called attention to the fact that in the opinion already prepared there has been no attempt made to formulate a general rule as to what disability on the part of the notary public will vitiate his certificate of acknowledgment, though it is intimated that peculiar facts and circumstances may accomplish that result. In this situation there are all the disadvantages which attend upon the possible effects of an unsettled rule of law. The requirement that a mort-

gage of the homestead must be acknowledged, as has already been noted, is substantive in its nature, and does not merely extend to entitling the instrument to be admitted to record. In this respect the law as to the necessity of the separate examination of a married woman being shown by the certificate of acknowledgment to make hers a binding execution of a deed affords, to my mind, a striking analogy, and I shall therefore review the decisions upon this subject at some length.

A deed of a married woman, the acknowledgment of which does not show that she was examined separate from her husband, as provided by Revised Statutes, 1865, chapter 100, sections 13 and 14, in force at the time the deed was executed, is void. (*Krieger v. Crocker*, 24 S. W. Rep. [Mo.], 170.)

In *Long v. Crews*, 18 S. W. Rep., 499, the supreme court of North Carolina had under consideration a deed in which one of the trustees named took the acknowledgment as a notary public. Following a review of a line of decisions in that state the following language occurs: "It is true these were all cases where the registration and probate were insufficient because the acknowledgment was made before an officer by reason of his locality not authorized or acting outside of his local jurisdiction, and the ruling is sustained by ample authority elsewhere. *  *  But exactly the same principle still applies where the officer taking the acknowledgment is disqualified, not (as above) by not acting within the authorized locality but by reason of his interest in the deed, either as party, trustee, or *cestui que trust*. (1 Devlin, Deeds, sec. 476, and cases there cited.) In both cases alike, the acknowledgment is taken, so to speak, *coram non judice*, and cannot authorize probate by the clerk and registration. (*Beaman v. Whitney*, 20 Me., 413; *Groesbeck v. Seeley*, 13 Mich., 329; *Davis v. Beazley*, 75 Va., 491; *Bowden v. Parrish*, 86 Va., 67; *Brown v. Moore*, 38 Tex., 645; *Wasson v. Connor*, 54 Miss., 351; *Withers v. Baird*, 32 Am. Dec. [Pa.], 754, and notes 1 Am. & Eng. Ency. Law, 145, and note 6, 16

38

Am. & Eng. Ency. Law, 775.)" The opinion from which was taken the above quotation began with the following statement: "In this state it is settled law that an acknowledgment of a deed by the husband and privy examination of the wife, taken before a justice of the peace, commissioner, or notary, is a judicial, or at least a *quasi*-judicial act, and, if such officer is not authorized to take it, the probate upon it by the clerk and registration are invalid against creditors and purchasers."

In *Louden v. Blythe*, 27 Pa. St., 22, Black, J., said: "A married woman may convey or mortgage her land by joining with her husband in a deed for that purpose. But to make such a deed valid, it is necessary to show by legal evidence that no fraud was practiced upon her, but that she executed it with a full knowledge of its meaning, purpose, and intent. It must also be shown that her will was perfectly free and that her mind accorded with the act. If he uses his influence and power in such manner as to control her unduly, or so as to make her act under his will and not her own, the deed is void. I do not say that it will be vitiated, by the mere fact that she yields to his persuasion, even when she does so against her better judgment. But there must be no imprisonment of her mind, and no unfair advantage taken of her weakness. She must act voluntarily and not by compulsion, moral or physical. These facts are to be proved in one way only—that is, by the certificate of a judge or justice that he examined her, not in the presence of her husband, but separately; that he made the contents of the deed fully known to her; that she declared her execution of it to be voluntary and free from every sort of coercion."

In *Withers v. Baird*, 7 Watts [Pa.], 228, Baird had agreed to convey to Withers a tract of land by warranty deed subject to all demands of the commonwealth. Prior to the agreement, a verbal understanding existed between Baird and Baxter, to the effect that they should exchange six acres of the tract to which this contract related for four acres owned by Baird. The agreement

therefor provided that unless this agreement was re-
scinded, Baird should convey the four acres, instead of
the six for which they were exchanged, to Withers. The
understanding was not rescinded, and to simplify mat-
ters it was agreed that Baxter should convey directly to
Withers. In pursuance of this agreement Baxter and
wife executed a deed of the land to Withers, and de-
livered it to Baird. Baird, who was a magistrate, also
took Mrs. Baxter's separate acknowledgment. Upon
tender of this deed to Withers he refused to accept it.
Gibson, J., in delivering the opinion of the court, said:
"But the acknowledgment was palpably insufficient to
bar the dower of Baxter's wife. The office of a magis-
trate in respect to private examination is a judicial and
a delicate one. Intrusted with the business of inspect-
ing the wife's knowledge and will, he should be superior
to all exception on the score of impartiality. When he is
bound to procure her concurrence, his inducement to
abuse his trust is as strong as if the conveyances were
made to himself; and it would not be pretended that his
judicial functions could be exercised in his own case.
His responsibility for the conveyance, whether through
himself or directly to the defendant, made him equally
a party in interest, and no consent, short of an agreement
by the vendee to take a defective title, which is not pre-
tended, could supply the place of a separate examina-
tion."

In *National Bank of Fredericksburg v. Conway*, 1 Hughes
[U. S. C. C.], 37, Hughes, J., says: "If the act be judicial,
such as taking the acknowledgment, after privy examina-
tion of a married woman, an interested person cannot
take it." Just following this proposition there were
cited several authorities. The abstract value of this
statement is, however, greatly impaired by the fact that
just preceding the above quotation its author had said
that "The teaching of the cases cited at bar seems to me
plainly to be that an interested person may take the
acknowledgment of a deed when the act is merely minis-

terial." In the same case, however, Waite, C. J., dissenting, said: "It has been frequently decided that an acknowledgment before a grantee named in the deed was of no effect. (*Beaman v. Whitney*, 20 Me., 413; *Wilson v. Traer*, 20 Ia., 233; *Stevens v. Hampton*, 46 Mo., 404; *Groesbeck v. Seeley*, 13 Mich., 345.) It has also been held that a party interested in a deed cannot take and certify the acknowledgment of a married woman requiring a privy examination. (*Withers v. Baird*, 7 Watts [Pa.], 228.) The taking of such an acknowledgment is in some respects a judicial act, and not ministerial only; but in case of an ordinary acknowledgment, it is purely a ministerial act. *Truman v. Lore*, 14 O. St., 144; *Lynch v. Livingston*, 2 Seld. [N. Y.], 434.)"

In *Stevenson v. Brasher*, 90 Ky., 23, the county clerk was held not disqualified to take an ordinary acknowledgment of a deed in which he had an interest, but it was said by Bennett, J., in delivering the opinion of the court: "He, being one of the parties to whom the conveyance was made, and one of the beneficiaries of the wife's acknowledgment, may show that her acknowledgment was not taken as the law directs. The fact that he was innocent in this omission of duty makes no difference, for the wife cannot convey away her right of dower, unless the requirements of the statute are pursued in every particular, and that she shall be examined separately and apart from her husband is one of the requirements which is indispensable, the performance of which devolves upon the clerk taking the acknowledgment; and if he in taking the acknowledgment for his own benefit, fails to perform said duty, he and his co-vendee should not be permitted to profit by such failure, but they should be considered to have failed to get the wife's dower by the fraud or laches of said clerk, and for that reason not entitled to it."

In *Brown v. Moore*, 38 Tex., 645, the entire opinion of the court, delivered by Walker, J., was as follows: "James W. Moore and Mary E., his wife, to secure the

payment of $1,100 to Eliza A. Brown, executed a deed of trust to Oscar Farish over lots 12, 13, and 14, in block 136, in the city of Galveston, together with two slaves. The trustee took the acknowledgment of the wife to the deed. The property mortgaged was her separate property. The trustee was interested in the conveyance to the extent of his commission and was therefore incompetent as an officer to take an acknowledgment of the deed. Authorities are sufficiently referred to in the able briefs of counsel to this point. We think the law is well settled; and though there are other questions raised in this record of a deeply interesting character, we will decide this case upon the point already stated, referring to our opinions in other cases for the settlement of all other questions involved."

In *Parks v. Barnett*, 16 So. Rep. [Ala.], 136, there was presented to the supreme court of Alabama the validity of a deed under which the title of the grantors to their homestead was claimed to have passed to the grantee therein named. This deed had been signed by both the grantors, but was not acknowledged by the wife, who was one of the grantors, until after the death of her husband, the other grantor. The court said in discussing the facts of this case: "The evidence is without conflict, that the lot sued for at the time of the attempted conveyance by said Hart and wife to the defendant, Coltart, was their homestead, in their actual occupancy and possession as such, and had been for many years before. Their deed was without the acknowledgment of the wife as required by section 2508 of the Code, to make a valid conveyance by the husband of the homestead. By the repeated decisions of this court, as well as by the terms of the statute itself, such conveyance is void. It is said of such a deed that it is a nullity to all intents and purposes, and confers no rights, present or prospective, is totally insufficient as a muniment of title to support an action of ejectment, and is incapable of passing any estate or interest whatever in the homestead." In this connection there were cited

ten Alabama cases, following which it was said: "We have also held, more than once, that such a conveyance acknowledged by the wife after the death of the husband with certificate thereof in proper form, does not defeat or affect the title of his heirs. (*Richardson v. Woodstock Iron Co.*, 90 Ala., 266, 94 Ala., 629; *Hodges v. Winston*, 95 Ala., 514.)"

In *Bowden v. Parrish*, 9 S. E. Rep. [Va.], 616, it was held that the interest of a trustee, merely to the extent of his commission, was such as disqualified him to act as a notary public in taking an acknowledgment in Virginia, in which state the taking of any acknowledgment is held to be a judicial act.

These facts have been illustrated by the foregoing citations and the quotations therefrom, first, that the value of an acknowledgment of a married woman as to the execution of a deed was dependent entirely upon whether the officer performed his duty in strict compliance with the requirements of the statute; and, second, that the failure by an officer in taking such acknowledgments, and evidencing the same by his certificate, not only precluded its being recorded so as to impart notice, but, as well, absolutely rendered the instrument null and void as a deed. Between this sort of an acknowledgment and one upon which entirely depends the validity of an incumbrance of a homestead there exists, so far as the functions and requirements of an acknowledging officer are concerned, a striking analogy, and the cases which have been cited and quoted from show that such officer must not be in such relation to the grantee or mortgagee that there shall exist a temptation to do his duty otherwise than impartially. On principle this is readily illustrated with reference to a homestead, for the requirement of the statute is that to convey or incumber the homestead the instrument must be executed, and must be acknowledged. As to the first of these two requirements the act of signing by the husband and wife is generally quite clear and unmistakable evidence. Of the

acknowledgment, which, equally with the execution, is imperatively required to constitute a conveyance or create an incumbrance, the sole evidence is the certificate of the officer taking such acknowledgment. Whether his act in this respect is styled judicial, *quasi*-judicial, or ministerial, counts for less than whether his *ex parte* certificate, which entitles the instrument to be received in evidence on the one hand, and complete its validity on the other, shall be accepted only when he has acted under such circumstances that the requirement of fairness in taking and evidencing the acknowledgment is not in conflict with his obligations toward the grantee. Whenever a deed has been placed upon record, third parties are entitled to rely upon the facts thereby published, and those alone, and it is then too late to afford relief against its false recitations. The only safe course is to require that the evidence of the essential requirement of acknowledgment in conveying or incumbering a homestead shall be of such a nature that there shall be no danger that the officer who takes the acknowledgment shall be likely to misstate the truth. This was beneficent and practicable for a long time with reference to the privy examination of married women. It can scarcely be otherwise with respect to the conveyance or incumbrance of the homestead. It may be that the so-called emancipation of married women renders unnecessary any precautions against the improvident surrender of the control of the wife's property to her husband, and that, therefore, the law requiring her separate examination should be laid aside as an outgrown fiction, but this can never be assumed of helpless children, in whose interest and for whose benefit have mainly been enacted the humane provisions of the homestead law.