EDWIN BEAMAN *versus* JOHN WHITNEY & *als.*

Where a large number of persons, by an agreement in writing, associated together to form a company for the establishment of a store to deal in English and West India goods, to be conducted under the direction of a board of managers, a part of whose duty was "to provide a store for the company," the managers have power to purchase a store, and land whereon to place it, and to give the notes of the company to secure the payment of the consideration.

And if the only grantees named in the deed are "Whitney, Watson & Co.," the name under which they conducted their business, Whitney and Watson being persons well known and members of the company; if the other persons embraced under the general term, company, could not take as grantees, Whitney and Watson could, and they would hold for themselves and those associated with them. This would be a sufficient consideration for the notes given for the purchase money.

The persons liable to the payment of the notes, besides Whitney and Watson, are to be ascertained by proving who constituted the company at the time the notes were made, and embraced all who had then signed their agreement of association.

As some of the persons sued had not joined the company at the time, they cannot be holden as defendants. But under the St. 1835, c. 178, § 4, the plaintiff may amend by striking out their names, on payment of their costs, to be taxed severally, after issue has been joined, and the case has been opened for trial.

If the acknowledgement of a deed be taken by a grantee and certified by him as a magistrate, it is but a void acknowledgement, leaving the deed operative between the parties.

THIS was an action of assumpsit upon a promissory note in the following terms: — "Brooks, June 10, 1837. For value received we promise to pay Jacob Roberts, or bearer, seven hundred and twenty-five dollars, within one year from October next and interest.               WHITNEY, WATSON & CO.,
                                              "by R. W. FILES, Agent.

"Attest: John Fogg."

The cause coming on for trial, the plaintiff, to maintain the issue on his part, introduced Reuben W. Files, having first released him from all liability for having signed the note as agent, who testified that at the time said note was given, he was acting as the agent of the firm of Whitney, Watson & Co. and exhibited his certificate of agency; that he had no special

power to purchase real estate on the account of said company; that they were not dealing in real estate, and that such dealing was no part of their object, which was dealing in merchandize; that the consideration of the note aforesaid, and two others of the same amount, was a conveyance from Jacob Roberts to "Whitney, Watson & Co." of a store and land about it, said conveyance being produced, and being witnessed by and acknowledged before the same Michael Chase, who is one of the defendants; that the affairs of said company were under the direction of a board of managers annually chosen, which board at the time of the conveyance, consisted of Michael Chase, Thomas Watson, and Ebenezer Page, said Chase and Watson being two of the defendants; that he signed said notes by direction of said Chase, said Watson and Page being present or thereabouts; that he understood said Watson and Page as assenting thereto, and that he should not have signed them had he known that they objected; that one of said notes was paid and taken up when it fell due, and that the money, or four hundred dollars of it, was raised by an assessment made in September, 1837, upon the shares of the members of said company, and balance of assessment went to pay for goods in Boston; that the premises have been in the occupation of said company from the time of said conveyance to the present time; that said conveyance and notes were executed the same day that an appraisal of said property was made by Johnson, Butman, and Dodge. Files. further testified that at the time the notes were given by the firm of Whitney, Watson & Co., the following persons, viz. John Whitney, Thomas Watson, Edmund Smith, Solomon Stone, Ebenezer Crockett, George Files, Wm. Hill, Joseph Whitney, Solomon Boulton, Judah Cilley, Michael Chase, Hill Clements, Tisdale D. Clements, Wm. Ford, Wm. Ford, Jr., and others not parties to this suit, had signed the paper called the constitution of the company; that the other defendants in this suit joined said company subsequently.

The constitution provided for the establishment of a store of "English and West India goods;" that the majority of votes should govern the proceedings; that there should "be chosen

annually by ballot an agent, or agents, and also two managers, whose duty it shall be to provide a store for the company, employ a clerk, and give the agent or agents the necessary directions relating to the business of the company," and contained other provisions respecting conducting their affairs.

Said Files further testified that the vote to accept a member was usually taken at the next regular meeting after his signing the constitution ; that the following named persons had not been voted into the firm at the time of giving said note, viz. Hill Clements, Tisdale D. Clements, Wm. Ford, and Wm. Ford, Jr. ; that the assessment voted in June, 1837, was for $725; and was the only one ever voted ; that it was his impression that the assessment was made for the purpose of paying one of these notes, although it did not so appear upon the records, and that that sum had been appropriated by him as before stated without any special directions, and that he thought that other members of the company from whom he collected assessments understood it as he did, but does not know the fact.

He further testified, that Collins Pattee, David Pattee, Daniel Pierce, John Fogg, and Ezra Manter, defendants, who joined after said notes were given, were severally assessed to pay their part of said assessment. He further testified, that he knew of but two of the company being consulted as to the expediency of the purchase, one of whom, George Files, decidedly objected to the purchase, and the other, E. Smith, consented, if it was the wish of the company. The plaintiff then introduced one Wellington J. Roberts, who testified, that he wrote the deed aforesaid, and that it was made to Whitney, Watson & Co. by direction of said Chase and Watson, who were both present, as was also John Fogg, who witnessed the note ; that the deed was delivered to said Watson ; that he was present at the meeting in June, 1837, and understood the assessment then made to be for the purpose of paying one of these notes ; that he joined the company subsequently to the giving of said notes, and was assessed for his part of the first note, and paid it ; that said Files was acting as the agent of the company at the time these notes were given, and was in the habit of signing

bills and receipts in the same form as the notes were signed; that it was the rule of the company not to transact any business at any meeting unless a majority of the company, in interest, were present; that the value of said store and land was fixed by an appraisal made by Johnson, Butman, and Dodge, agreed upon between Roberts the grantor, and the managers, and that at the appraisal, Chase, Watson, and Page appeared and acted for the company, they being the board of managers at that time.

The plaintiff then introduced as a witness H. H. Johnson, who testified that he, together with Butman and Dodge, made the appraisal aforesaid; That Chase, Watson, Page, Files the agent, and Roberts the grantor, were present, and that Watson managed the most of the business.

The defendants then introduced Abner Ham who testified, that in July, 1839, he heard the plaintiff say that at the time the note in question was transferred to him by Jacob Roberts, he knew what the consideration of said note was, and how the deed from said Roberts was written, and that said conveyance of said store and land was the consideration of said note.

It did not appear that the company ever acted in relation to the purchase at any meeting of the company.

It is agreed that either party may refer in the argument of this case to the books of records of said company commencing January 13, 1836. The cause was thereupon taken from the jury, the parties agreeing that if upon the foregoing evidence the Court should be of opinion that the plaintiff is not entitled to recover, he is to be nonsuit, and defendants to recover their costs. But if the Court should be of opinion that the plaintiff is entitled to recover against any of the defendants, judgment is to be rendered in his favor against such as, in the opinion of the Court, are liable, if plaintiff can maintain his action against part of defendants only, and plaintiff to have leave to discontinue as to the residue by paying them their costs, if the Court will grant leave under the provisions of the statute of 1835, to discontinue against one or more defendants after the testimony

in the action is closed to the jury, and before it is submitted to them.

*W. G. Crosby* for the plaintiff.

1. The purchase of the store was made by the direction of the managers, who acted within the scope of the authority given them, "whose duty it shall be to provide a store for the company." They had power to purchase or to hire a store, as they deemed most for the interest of the company.

2. But if they had not authority to purchase, the company have ratified their acts, by taking up the first note, when it fell due; by assessing on the members admitted after the purchase their share of the purchase money for the store; by causing their deed to be recorded; and by occupying the premises. Paley on Agency, c. 3, part 1, § 2; *Herring* v. *Polley*, 8 Mass. R. 119; *Pratt* v. *Putnam*, 13 Mass. R. 361; *Amory* v. *Hamilton*, 17 Mass. R. 109; *Lent* v. *Padelford*, 10 Mass. R. 236.

3. They are bound as partners by the acts of their managers. The assent of the managing committee is binding on the whole company. *Odiorne* v. *Maxcy*, 13 Mass. R. 178, and 15 Mass. R. 39; *Woodward* v. *Winship*, 12 Pick. 430. And their ratification binds the partnership, even if the act was under seal. *Cady* v. *Shepard*, 11 Pick. 400; Collyer on Part. 259, note 95, and cases cited.

4. The deed passed the property to all the individuals composing the firm of Whitney, Watson & Co. at the day of its date, and who those individuals were might be obtained by extrinsic evidence. *Shaw* v. *Loud*, 12 Mass. R. 447; *Thomas* v. *Marshfield*, 10 Pick. 364; *Hall* v. *Leonard*, 1 Pick. 31; 4 Cruise, 314; 2 N. H. R. 310; *Sewall* v. *Cargill*, 3 Shep. 414. But if the deed did not convey the premises to all the company, it did to those named, and those who were present. That would constitute a sufficient consideration for the whole company. And they might be considered as holding the property in trust for all the partners. Collyer, 79, 99; Gow on Part. 49.

5. The board of managers were the company, being invested with absolute power to direct and control its concerns, and a note given by their direction is the note of the company. *Boardman* v. *Gore,* 15 Mass. R. 339; *Etheridge* v. *Binney,* 9 Pick. 272; *Man. & Mech. Bank* v. *Winship,* 5 Pick. 11; *Chazournes* v. *Edwards,* 3 Pick. 5; Gow, 66; 1 Montagu, 28. Those who came in as partners afterwards on the same terms as the others, adopted this debt and made it their own. Gow, 346; *Locke* v. *Hall,* 9 Greenl. 134.

6. If all are not liable, the Court may permit an amendment by striking out the names of such as are not liable. St. 1835, c. 178.

*Kelly* argued for the defendants, contending that the action could not be sustained for want of consideration. The plaintiff knew all the facts, and therefore we are entitled to the same defence as if the suit had been brought by the payee. The company had no right to deal in real estate. The object was merely to trade, not to purchase land. Not being within the original design of the parties, none are bound by the notes, excepting such as give their personal assent. Coll. on Part, 113.

Nothing passed to the company by the deed, for there are no grantees who can be identified. *Jackson* v. *Cory,* 8 Johns. 385; *Hornbeck* v. *Westbrook,* 9 Johns. 73; *Boutelle* v. *Cowdin,* 9 Mass. R. 254; *Barker* v. *Wood,* ib. 419; *Hall* v. *Leonard,* 1 Pick. 27; 2 Conn. R. 287. Not being an incorporated company, nothing passes to any one by a deed to a partnership name. The names Whitney and Watson compose but a part of the business name of the company. And besides, if they are to be understood as the names of persons, there is nothing to distinguish them from any other persons bearing the same general names.

The managers had no power to make a purchase of real estate. They were a company formed for the purpose of obtaining goods for themselves and others upon reasonable terms for a limited time. The company, as such, have never acted upon the subject of purchasing the store, or giving the notes, and therefore, as a company, could not have ratified any con-

tract of the managers. But two were consulted as individuals, and one of them dissented unconditionally, and the other only agreed to it on a condition which has never been performed.

If however the deed could convey to the company, it must be only to such as were members at the time, and could not extend to such as came in afterwards.

It is not competent for the Court to permit some of the parties to be stricken out after a continuance and after a joinder in issue. The proof must be as alleged, or the variance will be fatal.

The occupation of the store amounts to nothing, because the case does not show, that any, but those who were present at the time the deed was taken, knew that it was pretended to be purchased on account of the company.

The deed could not be admitted as legal evidence for want of an acknowledgement. The acknowledgement before one of the alleged grantees is merely void.

The opinion of the Court was by

Weston C. J. — The association or copartnership, for the establishment of a store of English and West India goods in Thorndike, was to continue for the period of nine years, unless sooner terminated by a majority of the votes. They were to operate upon a capital of ten thousand dollars. By the fourth article of their constitution, it was made the duty of the managers to provide a store for the company. How that duty was to be performed is not pointed out. It is a matter then submitted to their reasonable discretion, which, in our judgment, they were at liberty to exercise, either by buying, building or hiring a store. And under that term may be embraced a lot upon which the store might be placed, with convenient accommodation around it. We do not understand, that the store and the land about it, stated in the case, exceeds what might be necessary for this purpose. And in transacting the businsss confided to them, we doubt not they had authority, through their agent, to pledge the credit of the company. Having power to purchase a store, they had a right to empower

their agent to give notes to secure the payment of the consideration.

It is insisted however, that there is a want or failure of consideration for the note in question, the deed for which it was given, being void from the uncertainty of the grantees, and because the acknowledgement was taken and certified by a magistrate, who was a party interested. With regard to the latter objection, it is at most a void acknowledgement, leaving the deed operative between the parties, and therefore a sufficient consideration for the note.

The grantees in the deed were Whitney, Watson and Company. Who Whitney and Watson were is well known, and is proved in the case. If the other persons embraced under the general term, company, could not take as grantees, Whitney and Watson, who were named, could and they would hold for themselves and in trust for those associated with them. And this is sufficient to give operation to the conveyance. But the other persons, composing the company, could be easily ascertained and identified. Their names were to be found on their written constitution, which was signed by the members.

With regard to the persons, liable as defendants, besides Whitney and Watson, who are named, they are to be ascertained, as in other cases, by proving who constituted the company at the time. And we are of opinion, that it embraced all, who had then signed their constitution. Four of these had not then been accepted by a formal vote; yet we think when such a vote passed, they were established as members, from the time of their respective signatures.

Five of the defendants, namely, Collins Pattee, David Pattee, Daniel Pierce, John Fogg and Ezra Manter, did not become members of the company, until after the note was given. These cannot be holden as promisors upon the note. They were therefore improperly joined as defendants. But it is not too late to give the plaintiff permission to amend, by striking out their names, under the statute of 1835, c. 178, § 4. And he has leave to amend accordingly, upon condition, that he pay to each of those defendants his costs, to be taxed

severally. This being done judgment is to be rendered for the plaintiff against the other defendants.