D. C. WASSON, ADMINISTRATOR, *v.* T. O. CONNOR, TRUSTEE.

1. DEED OF TRUST. *Description. Certainty. Parol evidence to explain.*
   A deed of trust which conveys the grantor's "entire crop of cotton, corn, peas and wheat grown by him during the present year," is not void for uncertainty; and parol evidence is competent to show that cotton, levied on under a subsequent execution, is of the crop grown by the grantor during the year.

2. ACKNOWLEDGMENT. *Taken by grantee. Void.*
   An acknowledgment to a deed of trust, taken by a chancery clerk who is *cestui que trust* in the deed, is void.

3. DEED. *Record. Acknowledgment. Notice.*
   A deed illegally acknowledged cannot properly be recorded, and, if recorded, is not constructive notice.

4. DEED OF TRUST. *Acknowledgment and record. Evidence.*
   In a claimant's issue between a plaintiff in execution and the trustee under a deed of trust to try the right of property in a chattel, the deed of trust, if not legally acknowledged and recorded, is inadmissible in evidence without proof of actual knowledge of its existence and contents on the part of the plaintiff in execution.

ERROR to the Circuit Court of Attala County.

Hon. W. COTHRAN, Judge.

This was a claimant's issue to try the right of property in certain cotton, levied on under an execution emanating from a judgment in favor of D. C. Wasson, administrator, against M. A. Hines. T. O. Connor, the claimant, was trustee in a deed of trust, prior in date to the levy of the execution. The judgment had not been recorded. When the trust-deed was offered in evidence by the claimant, the plaintiff objected to it on two grounds: first, that the description of the property conveyed was insufficient; and, second, that it was acknowl-

edged before, and recorded by one of the beneficiaries therein. The deed was admitted in evidence. The judgment was for the claimant, and the plaintiff in execution sued out this writ of error.

*D. C. Wasson*, the plaintiff in error, *pro se.*

1. One cannot take an acknowledgment to a deed to himself.

2. The crop was not identified by the deed. *Harrell* v. *Miller*, 35 Miss. 700; *Doe* v. *Curtis*, 3 How. (Miss.) 230; 1 Bouv. Law Dict. 118.

*Campbell & Anderson*, for the defendant in error.

To sustain the deed, we rely on the case of *Peacher* v. *Strauss*, 47 Miss. 353. The only question arising on this record is as to the sufficiency of the description.

CHALMERS, J., delivered the opinion of the court.

The objection made to the trust-deed as being void for uncertainty is not well taken. By its terms the grantor conveys " his entire crop of cotton, corn, peas and wheat grown by him during the present year." It was competent to show by parol that the cotton levied on was of the crop grown by the grantor during the year, and therefore embraced in the trust-deed.

The deed of trust was made by Hines to Thomas O. Connor, for the use and benefit of S. M. Davis and W. V. Davis. It was acknowledged before W. V. Davis, who was the chancery clerk of the county, and by him recorded; and it is admitted that the W. V. Davis who thus received and certified to the acknowledgment and ·recorded the deed is the same person named in the instrument as one of the *cestuis que trust.*

Whatever may be said of the receiving for record and recording of a deed, it is evident that the taking of an acknowledgment of a grantor is a *quasi* judicial act, and cannot be performed by the grantee in the deed. The officer who takes an acknowledgment acts in a judicial character in determining whether the person representing himself to be, or represented by some one else to be, the grantor named in the conveyance, actually is the grantor. He determines further whether the person thus adjudged to be the grantor does actually and truly

acknowledge before him that he executed the instrument. By his certificate he makes an official record of his adjudication on these points, which ,cannot be impeached by himself, and sometimes cannot be impeached by the grantor. *Johnston* v. *Wallace*, 53 Miss. 331. Inasmuch as no man can be a judge in his own case, it follows that the grantee in a deed can never act as an officer in taking an acknowledgment to the conveyance. *Beaman* v. *Whitney*, 20 Me..413; *Groesbeck* v. *Seeley*, 13 Mich. 329; *Goodhue* v. *Berrien*, 2 Sandf. Ch. 630.

The deed never having been legally acknowledged was, of course, improperly recorded, and it afforded notice to nobody. It was, therefore, improperly admitted in evidence, without proof of actual knowledge of its existence and contents on the part of the plaintiff in execution.

*Judgment reversed and cause remanded.*