|        |     |
| ------ | --- |
| 79     | 773 |
| f90    | 627 |

JEREMIAH APPLEWHITE *v*. CHARLES R. FOXWORTH ET AL.

1. CHANCERY PLEADING AND PRACTICE.  *Answer.  Evasive denials.  Code*
   1892, § 533.

   An evasive answer in chancery, which does not deny the allegations
   of the bill, is insufficient to put the complainant upon proof.  Code
   1892, § 533.

2. TAX TITLES.  *Redemption.  Chancery clerk misleading owner.  Joint
   claimants.*

   Where a deputy chancery clerk· is jointly interested with the pur-
   chaser of land at a tax sale, although not named in the tax deed,
   and timely application is made to him in his official capacity by
   the owner of the land to redeem, and he informs the owner that
   a certain sum of money is sufficient for that purpose, and receives
   said sum therefor, allowing the owner to depart believing that he
   has redeemed the land, neither the officer nor the vendee named
   in the deed can thereafter claim that the redemption was not per-
   fected because the sum paid was insufficient.

FROM the chancery court of, first district, Marion county.

HON. STONE DEVOURS, Chancellor.

Applewhite, appellant, was complainant in the court below;
Foxworth and one Bennett, a deputy chancery clerk, appellees,
were defendants there.

The case was tried upon bill and answer, and from a de-
cree dismissing the bill the complainant appealed to the su-
preme court.  The object of the suit was to. cancel a tax
deed, made to defendant, Foxworth, on the ground
(among others not necessary to mention, in view of the opinion
of the court) that appellant had redeemed the land from the
tax sale.  The bill distinctly averred that defendants, Foxworth
and Bennett, were jointly interested ·in the tax title, although
Foxworth alone was named therein as the vendee; that before
the expiration of the time for redemption complainant went to

the chancery clerk's office to redeem the land, and found defendant Bennett in charge of the office as deputy clerk; that complainant demanded of Bennett as such officer to know what sum of money was necessary to redeem the land from the tax sale, and was informed by Bennett that the proper sum for so doing was $2.75, which sum complainant then and there paid Bennett, and Bennett received it as chancery clerk for the redemption of the land, and allowed complainant to depart believing that he had (as in truth he had) redeemed the land from the tax sale; Bennett, however, did not cancel the tax deed, as he should have done, but, after the expiration of the two years allowed for redemption, delivered the same to Foxworth, and the two, Bennett and Foxworth, are now claiming the land under the tax deed.

The answer of defendants was a joint one; it denied that complainant paid, or offered to pay, Bennett "the sum of money necessary to redeem the land," but it did not otherwise deny the specific averments of the bill on the subject.

*McWillie & Thompson* and *Mounger & Mounger,* for appellant.

The averments of the bill on the subject of the redemption from the tax sale are:

1. Complainant, before the time for redemption, discovering that the sale had been made, went to the chancery clerk's office to redeem the land; he there found defendant Bennett acting as chancery clerk, and he was a deputy clerk, in charge of the office.

2. Complainant (presumably ignorant then of Bennett's connection with the sale and interest in the land) demanded of the clerk, defendant Bennett, to know the sum necessary to redeem the land from the tax sale, and was by Bennett informed that the proper sum was $2.75; and thereupon complainant paid him said sum of money, and Bennett received it, in order to redeem the land, and thereby said land was redeemed.

3. Notwithstanding the redemption, the clerk, Bennett, did not cancel the deed, but after the expiration of two years delivered it uncancelled to defendant Foxworth.

4. That the defendants (both of them) now claim the land under the tax deed.

The prayer is for the cancellation of the deed. To this bill the defendants made joint answer. Their answer, so far as concerns the redemption, denies that complainant paid or offered to pay Bennett "the sum of money necessary to redeem said land," and that it was the duty of Bennett, clerk, to cancel the deed; but it does not deny (*a*) that Bennett was the clerk; (*b*) that the complainant asked him as clerk what sum was necessary to redeem the land; (*c*) that he, Bennett, told complainant $2.75; (*d*) that complainant paid him, as clerk, that sum for the purpose of redeeming the land; and (*e*) that he, Bennett, as clerk, received said sum for that purpose, and allowed the complainant to depart believing that he had redeemed the land.

4. The answer itself shows that defendant, Bennett, the clerk, and Foxworth claim the land jointly under the tax title.

Bennett could not, as clerk, deceive the complainant, allow him to believe that the land was redeemed from the tax sale, and afterwards claim title under the tax deed, nor can his co-defendant, Foxworth, assert any right which Bennett is estopped to assert.

Under the rules of this court on the subject of what constitutes an answer so as to place a complainant on proofs of the averments of his bill, the above analysis of the pleadings in this case is perfectly accurate. See following authorities: *Cowen* v. *Alsop,* 51 Miss., 158; *McAllister* v. *Clopton,* 51 Miss., 257; *Taylor* v. *Webb,* 54 Miss., 36; *Mead* v. *Day,* 54 Miss., 58; *Colbert* v. *Henley,* 64 Miss., 374.

To permit the defendants to deprive appellant of his homestead under the state of facts here presented would be a grievous wrong.

When a county officer and another combine to oppress an humble citizen, public policy requires that they be deprived of the fruits of their joint adventure, unless they demonstrate the most absolute fairness in their acquisition of title. Nothing can be more shocking than that a chancery clerk, or a deputy chancery clerk, should acquire title to land after having conducted himself towards the owner in the manner in which Bennett is shown to have done in this case. His position as chancery clerk required of him the utmost good faith in dealing with a citizen with whom he came in contact officially, and his co-defendant, Foxworth, cannot claim anything under the tax deed as enuring to him by the sharp practice of his co-owner. The law would indeed rest upon a very low moral plane if the scheming of a sharp officer for the benefit of himself and his confederate, such as is developed in this case, should be permitted to deprive a citizen of his property.

If appellant did not redeem from the tax sale under the facts of this record, it was because of the official misconduct of defendant Bennett. Bennett certainly allowed Applewhite to act upon the idea that the land was redeemed, and his answer to the charge that he stated that the sum necessary was $2.75, and that he received that sum as redemption money of the land, is a clear effort on his part, and on the part of his co-defendant, Foxworth, to evade the facts. They do not deny the facts on the subject, but simply say: "We deny that complainant paid, or offered to pay, Bennett the sum of money necessary to redeem said land." So far as Bennett is concerned, if you conceive that the real sum necessary to redeem the land was something more than the $2.75, yet is he not estopped, having officially named that sum, and having permitted Applewhite to act upon the idea that the land was redeemed, from now claiming that the effort at redemption was a perfect abortion? If the amount necessary to redeem the land was really more than $2.75, Bennett as a party interested in the money to be received through redemption could have accepted less, and his

permitting Applewhite, under the circumstances, to believe that the land was redeemed, was a fraud, and Foxworth has no greater rights than Bennett.  2 Blackwell on Tax Titles, secs. 706, 707; Black on Tax Titles, sec. 189; 2 Blackwell on Tax Titles, secs. 717, 718; Black on Tax Titles, secs. 186, 187.

In *Fitts* v. *Huff*, 63 Miss., 594, it appeared that the auditor, who had no interest in the land, gave one who sought to redeem misleading information, and, even there, this court made a quære as to whether the right to redeem was not preserved after the expiration of the statutory period.  Of course, had the auditor been the purchaser, or one of two or more purchasers, the decision would have been different from the one rendered.

*C. R. Foxworth,* for appellees.

The court will observe that the case was set down in the trial court on bill and answer, and that it was contended by appellant that the answer did not deny the allegations of the bill sufficiently to require proof to establish the same.   We contend that all material allegations in the bill were fully answered.  No ingenuity can render the answer insufficient so as to entitle appellant to the relief sought in his bill.   If it were, however, complainant should have availed himself of its infirmity by excepting to it, thus procuring a more direct answer, but failing in that he was required to establish the allegations of his bill by proof.  *McAllister* v. *Clopton*, 51 Miss., 257; *Cowen* v. *Alsop*, Ib., 158.

The essential act of redemption is the payment or tender of the proper amount at the proper time.  The person redeeming must have some title.  A mere stranger cannot do so.  A tender of the purchase money at a tax sale, without also tendering the premium allowed by law, will not accomplish redemption. 63 Miss., 594.   Like an insufficient privilege tax, it is without force or validity.

If Bennett did, as Applewhite charges, by design or inadvertance, mislead Applewhite, or in any way cut off his right

to ft redemption, that fact gives Applewhite no additional rights or contributes nothing to the strength of his cause in the absence of collusion or a fraudulent combination between Bennett and Foxworth to cheat and defraud Applewhite. 71 Am. Dec., 421.

Bennett might have perpetrated all manner of fraud and deception on Applewhite that was as black as midnight, yet if Foxworth was not in some way connected therewith, or knew something about it, and joined Bennett therein, Foxworth is not bound thereby or estopped to deny the same. The record shows that Foxworth bought the land at tax sale, and that the same was deeded to him by the proper authority. It is not shown by the bill when, if ever, Bennett became interested in the land. If Bennett acquired an interest in said land after the tax title thereto had matured, without any prearrangement or collusion with Foxworth to effect that end, the tax title is not contaminated with fraud, but is good and valid. *Mixon* v. *Clevenger,* 74 Miss., 67.

WHITFIELD, C. J., delivered the opinion of the court.

The answer is evasive. It does not deny that Bennett told appellant that the sum needed for redemption was $2.75, nor that Bennett received that sum for that purpose, nor that Bennett was then acting as deputy chancery clerk. And it expressly admits that the appellees asserted title to said land through and by virtue alone of the tax title. The answer uses the plural "they," and expressly admits a claim of joint ownership through the tax deed. The cause was heard on bill and answer. The decree should have been for appellant. The appellant was not put to proof to support his bill by this evasive and irresponsive answer. See authorities in brief of counsel for appellant.

*Reversed, and decree here for appellant.*