ALEXANDER M. BARKER *v.* ELISHA A. JACKSON ET AL.

[44 South., 34.]

1. TAX SALES. *Purchaser. Chancery clerk. Validity.*

    The purchase of land at tax sale by a chancery clerk is void, since the performance of official duties for which he is compensated involves acts relating to such sales.

2. SAME. *Statute of limitations. Code* 1880, § 539; *Code* 1892, § 2735.

    The three-years statute of limitation has no application to an illegal purchase of lands by the chancery clerk at a tax sale.

FROM the chancery court of, second district, Panola county. HON. CAREY C. MOODEY, Chancellor.

Barker, appellant, was complainant in the court below; Jackson and others, appellees, were defendants there. From a decree in defendants' favor the complainant appealed to the supreme court.

The purpose of the suit was to cancel the claim of defendants to the land sued for as a cloud upon complainant's title.

The defendants held under a tax title made in 1885 for the taxes of the year 1884, and it was shown that one of the purchasers at the tax sale, under whom defendants claimed, was at the time of the sale the chancery clerk of the county and remained in office for full two years thereafter.

*Stone & Wilson,* for appellants and cross-appellees.

A party interested cannot take an acknowledgment to a deed. *Wasson* v. *Connor,* 54 Miss., 351; *Holden* v. *Brimage,* 72 Miss., 228, s.c., 18 South, 383; *Jones* v. *Porter,* 59 Miss., 628.

The record shows beyond controversy that Blann was the chancery clerk. We are satisfied this court will hold, in any case, that the chancery clerk cannot acquire the title at a tax sale.

Blann was the clerk to the board of supervisors, the officer who attended to the making of the assessment roll, the officer who certified the same and the officer before whom the acknowledgment was to be taken, the custodian of the deeds for two years, the redemption officer and the officer who was to value the improvements in many redemption cases. As the redemption officer his functions were judicial.

He could not purchase under the Code of 1880, which was in force when this sale occurred. The chancery clerk's duties in the matter of redemption were governed by secs. 531 and 532. Under it, he determined who was the owner of the land to be redeemed. He taxed the costs, the taxes due since the sale, and the damages accrued. For infant's lands, he valued the improvements. He cancelled the tax deed and noted it on the register, and he determined who was entitled to the redemption money. If the land was not redeemed, he determined who was entitled to the tax conveyance.

With these opportunities before him, if this officer could buy land at tax sales, it would be a determined and intelligent landowner indeed who could redeem his lands sold for taxes when the clerk bought. Many would be the cases where the owner would be compelled to yield to extortion or let the time for redemption pass. It would repay the court to read the case of *Applewhite* v. *Foxworth,* 79 Miss., 773, s.o., 31, South., 533, to see just what kind of fraud would be perpetrated if the chancery clerk be permitted to buy tax titles. The trouble in the most cases would be that the owner could not prove the fraud because the chancery clerk would cover it up. We insist that the clerk's functions in this matter of redemption and acknowledgment are judicial. If his functions are *quasi*-judicial, he can not purchase. See *Wasson* v. *Connor,* 54 Miss., 352.

It has been held that to deposit the deed with the chancery clerk is for the benefit of the owner and is an absolutely necessary step to confer a title, and it must there remain for a year. *Adams* v. *Mills,* 71 Miss., 150, s.o., 14, South., 462.

How can there be such a deposit with the purchaser? What presumption attends the adverse party's acts and certificate? Can he certify himself a title? Yet such is this case. The code cannot contemplate the chancery clerk's becoming a purchaser. It allows him fees about the entire conveyance. It allows him (no other notarial officer) a fee for taking the acknowledgment to the conveyance. Section 524, Code 1880; Cooley on Taxation, sec. 492; *Coles* v. *Moore,* Ark., 582.

In *McCloud* v. *Burkhalter,* 57 Miss., 66, where a tax collector purchased at his own sale, Justice GEORGE said:

"Besides, persons charged with the administration of the fiscal affairs of the people must be content with the gains provided for in the fees and salaries provided for by law and should not be permitted to augment them by speculations in the funds or property which come under the official control.". We plant ourselves on the position that this court will never hold that a chancery clerk, with all his functions about it, can speculate in lands sold at tax sales.

The case of *Brown* v. *Carlisle,* 62 Miss., 595, does not support the view that the chancery clerk can buy a tax title at a tax sale. In that case, a sale of land by the state to a clerk in the auditor's office was upheld, but the court emphasized the facts that the period for redemption had expired, that the title in the state was absolute and that the auditor exercised no discretion in the matter.

If the tax title was not proven or if Blann could not acquire or purchase the tax title, then the three-year statute of limitations does not apply. See *McGehee* v. *Holmes,* 63 Miss., 51; *Pool* v. *Ellis,* 64 Miss., 555, s.c., 1 South., 725.

In all of which cases the court held that where the party who purchased at tax sale could not buy, the three-year statute of limitations never commenced to run. So if the land was not legally purchased the statute does not apply. *Hoskins* v. *R. R. Co.,* 78 Miss., 768, s.c., 29 South, 518.

The vendees of Blann stood exactly in his attitude.    *Jonas v. Flannikan,* 69 Miss., 571, 588, s.c., 11 South, 319.

*Mayes & Longstreet,* for appellees and cross-appellants.

What is the proper effect in this case of the fact that the acknowledgment to the tax deed made by Sheriff Lester in 1885, through which the defendants claim, was taken by the chancery clerk, he being one of the two purchasers?

It would seem that such fact (perhaps?) rendered the acknowledgment void. Such seems to be generally the law in this state. *Holden* v. *Brimage,* 72 Miss., 228, s.c., 18 South., 383. And being void, it is as if it had been recorded without any acknowledgment whatever.

We do not contend that the record of an unacknowledged deed or of a deed the acknowledgment to which is void, will have the effect to impart constructive notice to creditors or subsequent purchasers. The law is too well settled to the contrary. But that question does not arise in this case. The complainant is neither one nor the other. He purchased from Mrs. Dandridge in 1870 and this tax sale took place fifteen years after, in 1885. He himself was the man in default of tax payment which produced the sale.

The failure to acknowledge the tax deed before some other officer than the chancery clerk, who was a beneficiary in the deed, and the consequent invalidity of the acknowledgment itself, does not nullify the deed. It still remains a good deed. Under the common law rule of conveyance the acknowledgment is not an essential part of the deed itself, and is not necessary to the effect of the deed in transferring title. A married woman's acknowledgment under the old rule was so necessary for the simple reason that the statute made it so. But the acknowledgment to a sheriff's tax deed was not by the Code of 1880, under which this sale was made, a necessary part of the deed. See Code 1880, §§ 524 to 532 inclusive.

It will be observed that sec. 525 which was on the subject

of the "form and effect of conveyances" does not, either . expressly or by any sort of implication, require that the deed shall be acknowledged at all; nor is there in any of this legislation any intimation that the deed shall be acknowledged, except that contained in sec. 524. In this section, there is a provision to the effect that "The clerk of the chancery court shall be entitled to twenty-five cents for taking and certifying the acknowledgment of each conveyance," but we submit that this provision does not make such an acknowledgment an indispensable part of the deed.

The theory of the entire legislation is that the tax deed so made by the tax collector shall be deposited as a statutory escrow with the chancery clerk during the period of redemption, and when so deposited and while so on deposit, it has its full .effect and operation as a legal and effectual inchoate deed, even although it be not acknowledged at all. See *Edmondson* v. *Granberry,* 73 Miss., 723, s.c., 19 South., 676.

This being true, the provision in sec. 524, that the chancery clerk may have twenty-five cents for taking the acknowledgment has manifest reference, and has reference solely, to the recordable character of the deed after the same passes out of the hands of the chancery clerk, and becomes effectual by its delivery to the purchaser after the period of redemption; and therefore, it looks only to the constitution of such a deed as a recordable paper when delivered to the purchaser, and has no statutory aspect to the inherent character of the deed as being void or otherwise when turned over by the tax collector.

In short it is not a question of the invalidity of the deed even under sec. 524, but is a question merely of the recordable character of the deed after delivery to the purchaser.

So, we repeat that the failure to make valid acknowledgment does not render the deed void; but it only crippled it as to its recordable character. *Ellis* v. *Clark,* 39 Fla., 714; *Langley* v. *Batchelder,* 69 N. H., 566; *Feld* v. *Barber,* 58 Miss., 49.

Even if it be conceded for the purpose of the argument that the tax title asserted by the defendants below was not available to them for the reasons claimed, still they should have had a decree because they had a good defense and were entitled to such decree through the ten year's statute of limitations.

WHITFIELD, C. J., delivered the opinion of the court.

The deed from the tax collector, made in 1885 for the taxes of 1884, to Chancery Clerk Blann, was void. The chancery clerk could not, in view of his duties in respect to tax conveyances to individuals under Code 1880, §§ 524, 531, 532, become a purchaser at a tax sale. A purchase by a chancery clerk, charged with the duties with which he stood charged under the Code of 1880, is not to be tolerated. It is against public policy and void. The clerk of the chancery court under that code certified the assessment roll, and was the officer before whom the acknowledgment of the tax deed was to be taken. He was the custodian of the deed for two years, the redemption period, and he was the redemption officer, and as such exercised judicial functions. He determined who was the owner of the land to be redeemed. He taxed the costs, the taxes due since the sale, and the damages accruing. He canceled the tax deed, and noted it on the register, and dealt with the redemption money. The deed, whilst it remained on file for the two years, remained on file with him as chancery clerk for the benefit of the owner. The Code allowed him fees in connection with the conveyance. Section 524, Code 1880. In the case of *McLeod* v. *Burkhalter,* 57 Miss., 65, speaking of a deed to a tax collector, the court said, through GEORGE, J.: "Besides, persons charged with the administration of the fiscal affairs of the people must be content with the gains provided for in the fees and salaries provided for by law, and should not be permitted to augment them by speculations in the funds or property which comes under their official control." The principle of this decision applies directly here to a conveyance

at a tax sale made to the chancery clerk himself. In *Cole* v. *Moore*, 34 Ark., at page 584, the court said, speaking of a tax deed made to the county clerk: "The court below did not err in deciding that appellant, who was county clerk at the time of the tax sale, could not become a purchaser at the tax sale. It was his duty to advertise delinquent lands for sale, to attend the sale, and make a record of the lands and lots sold, the sums bid for them, the names of purchasers, etc., to issue certificates of purchase and certificate of redemption when lands or lots were redeemed, and finally to execute deeds to. purchasers on failure of owners to redeem. Having these and other important official duties to discharge, relating to tax sales and designated in the statutes, it is contrary to public policy for him to become a purchaser at such sales"—citing authorities, amongst others, *Chandler* v. *Moulton*, 33 Vt., 247. This is certainly decisive of this point. See, also, as holding the same doctrine, Blackwell on Tax Titles, sec. 297; *Wasson* v. *Connor*, 54 Miss., 351; Cooley on Taxation, sec. 492; *Applewhite* v. *Foxworth*, 79 Miss., 773; 31 South., 533.

Since the chancery clerk could not legally become a purchaser of land at the tax sale, the three-year statute of limitations has no application. *McGee* v. *Holmes*, 63 Miss., 51; *Poole* v. *Ellis*, 64 Miss., 555, 1 South., 725; *Jonas* v. *Flanniken*, 69 Miss., 577, 11 South., 319; *Hoskins* v. *I. C. R. R. Co.*, 78 Miss., 768, 29 South., 518, 84 Am. St. Rep., 644.

The facts in the case do not show any adverse possession, within the meaning of the settled law on that subject, for ten years. The land in this case was susceptible of occupation and cultivation. The facts in this case fall far short of the showing made in *McCaughn* v. *Young*, 85 Miss., 277, 37 South., 839; *Jones* v. *Rogers*, 85 Miss., 802, 38 South., 742, has been expressly overruled in *Kennedy* v. *Saunders* (recently decided) 43 South., 913. See *Lybrook* v. *Hall*, 73 Miss., 517, 19 South., 348, for the true doctrine on this subject.

It may be added that it appears from the record that this land was assessed to the chancery clerk, and for that reason, also, he could not claim under the sale for taxes. We will not notice the alleged outstanding levee title purporting to have been made by sale by Ozand, tax collector, in 1872, to the levee board, for the levee taxes of 1871. Both counsel for appellant and appellee agree, and correctly agree, in saying that the action of the learned chancellor in basing his decree upon this sale was erroneous, for the reason that it was not set up in the pleadings at all on either side, and was not an issue under the pleadings in the cause.

The decree is affirmed on the cross-appeal, and on the direct appeal it is reversed, and the cause remanded, in order that appellees, if they so desire, may amend their pleadings so as to set up the outstanding levee title referred to, and then, it being in issue, present its validity for consideration.

*Reversed and remanded.*